Lloyd L. KAHLE, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 76–1371.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 1977.

Lloyd L. Kahle, pro se.

Scott P. Crampton, Gilbert E. Andrews, Asst. Attys. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., Jonathan S. Cohen, Robt. T. Duffy, Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D.C., for respondent-appellee.

ORDER

Before PECK and MERRITT, Circuit Judges, and THORNTON, District Judge.*

This matter, in which an appeal was sought to be perfected from an order entered by the Tax Court, has been submitted on the record and on the briefs and oral arguments of counsel, wherein petitioner-appellant represented himself and the respondent-appellee was represented by counsel. The record establishes that at the election of the taxpayer his challenges to tax deficiencies found by the appellee with reference to the years 1970 and 1971 were considered by the Tax Court as a "small tax case" as provided under Section 7463 of the Internal Revenue Code of 1954. In that proceeding the Tax Court affirmed the deficiencies, and it is that affirmance which appellant seeks to have this Court review.

The section in question provides in pertinent part as follows:

SEC. 7463. DISPUTES INVOLVING $1,500 or LESS.

(a) *In General.*—In the case of any petition filed with the Tax Court for a redetermination of a deficiency where neither the amount of the deficiency placed in dispute, nor the amount of any claimed overpayment, exceeds—

(1) $1,500 for any one taxable year, in the case of the taxes imposed by subtitle A and chapter 12, or

(2) $1,500 in the case of the tax imposed by chapter 11,

at the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, proceedings in the case shall be conducted under this section. Notwithstanding the provisions of section 7453, such proceedings shall be conducted in accordance with such rules of evidence, practice, and procedure as the Tax Court may prescribe. A decision, together with a brief summary of the reasons therefor, in any such case shall satisfy the requirements of sections 7459(b) and 7460.

* Honorable Thomas P. Thornton, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

582

(b) *Finality of Decisions.*—A decision entered in any case in which the proceedings are conducted under this section shall not be reviewed in any other court and shall not be treated as a precedent for any other case.

\* \* \* \* \* \*

We conclude that Subsection (b) has direct application in the present matter. Earlier in the proceedings in this court appellee filed a motion to dismiss on the basis of that subsection, and we denied that motion "subject to reconsideration sua sponte," and our order further provided that appellee's "counsel's brief may include any arguments recited in its motion. . . ." Upon such reconsideration it is concluded that this Court is without jurisdiction, and accordingly,

IT IS ORDERED that respondent-appellee's motion to dismiss be and it hereby is granted, and it is further ORDERED that this appeal be and it hereby is dismissed.