ARNOLD, Circuit Judge.
 

 This ease raises the question whether an agreement between the taxpayer and the Internal Revenue Service caused the statute of limitations on the filing of assessments for taxes to begin to run, so as to bar the IRS from making a tax assessment against the taxpayer’s bankruptcy estate. Because the agreement was drafted without regard to the possibility of bankruptcy, and because when bankruptcy occurs a completely different and superseding statutory scheme comes into play, we hold that the agreement did not, as the taxpayer argues, commence the running of the period of limitations. We therefore affirm the District Court’s rejection of the taxpayer-debtor’s defense of limitations.
 

 I.
 

 In a dispute over income taxes owed for 1966, 1967, 1968, and 1969, the taxpayer and the IRS executed IRS Form 872-A, which extends the statutory period of limitations on assessments.
 
 [1]
 
 Form 872-A specifies certain conditions which will trigger the renewed running of the limitations period for the filing of a tax assessment. One of the specified conditions is the sending by the IRS of a statutory notice of deficiency. Under the scheme set out in the form, once a statutory notice of deficiency is sent, and if neither of the other conditions which trigger the running of the limitations period occurs, the IRS must issue its assessment no later than 60 days after the period during which the making of an assessment is prohibited. (Assessments may not be made, in general, while Tax Court proceedings, brought by taxpayers for a redetermi-nation of their liability, are pending.)
 

 On April 26, 1976, Sharpe filed a voluntary petition in bankruptcy, and on April 27 he was adjudicated a bankrupt. On August 28, the IRS issued to Sharpe a statutory notice of deficiency setting forth alleged deficiencies for the taxable years 1966 through 1969. On November 22, the IRS filed proof of claim against Sharpe’s bankruptcy estate. Sharpe then filed a petition with the Tax Court for redetermination of income-tax deficiencies, and the Tax Court dismissed this action for lack of subject-matter jurisdiction because 26 U.S.C. § 6871(b) (1976) provides that no petition for redetermination of a deficiency may be filed with the Tax Court after the petitioner has been adjudicated a bankrupt. On January 25, 1977, the IRS made an assessment of Sharpe’s tax deficiencies and two
 
 *467
 
 days later filed an amended proof of claim against the bankruptcy estate.
 

 On May 29, 1980, appellants filed in the Bankruptcy Court a motion for summary judgment alleging that the tax assessments were not made within any statutory period allowed by law and that a proceeding to collect the alleged deficiencies was barred by the statute of limitations. The Bankruptcy Court granted the motion. The IRS appealed to the District Court,
 
 [2]
 
 which reversed and remanded to the Bankruptcy Court for determination of the substantive validity of the IRS claim.
 

 II.
 

 The appellants argue that the District Court erred in holding that the IRS claim was not barred by the provision of Form 872-A requiring that, once a státutory notice of deficiency is sent, an assessment must be made no later than 60 days after the period during which the making of assessments is prohibited. The District Court held that since 26 U.S.C. § 6871 dispenses with the requirement of a statutory notice of deficiency to the taxpayer after bankruptcy proceedings commence, the notice given here was a nullity and hence did not trigger the 60-day limitation contained in Form 872-A.
 

 We agree, largely for the reasons stated by the District Court. In a non-bankruptcy case, 26 U.S.C. § 6213(a) (1976) prohibits assessment until ninety days after a notice of deficiency has been mailed to the taxpayer, and thereafter if Tax Court proceedings are pending. However, in a bankruptcy case, a notice of deficiency is not required for assessment. Section 6871(a) provides that upon adjudication of bankruptcy, a deficiency shall be immediately
 
 [3]
 
 assessed without the notice required by § 6213(a). Thus, since the deficiency notice here was sent to Sharpe after he was adjudicated a bankrupt, it was merely precatory and not a statutorily required notice.
 

 Sharpe argues that the statutory-notice provision of Form 872-A bars assessment because the IRS did not make its assessment within the prescribed time after the statutory notice was sent. The flaw in this argument lies in its assumption that a “statutory notice” as contemplated in Form 872-A was ever sent. In the first place, the notice given here was not “statutory,” because § 6871 exempts the IRS from the notice provision of § 6213(a) after the commencement of a bankruptcy. And in the second place, it seems clear that the statutory-notice provision of Form 872-A was written with only nonbankruptcy cases in mind, since § 6871 exempts bankruptcy cases from the statutory-notice provision of § 6213 and, consequently, does not provide for a period during which assessment is prohibited after the sending of a notice of deficiency.
 

 The judgment of the District Court is affirmed.
 

 [1]
 

 . Form 872-A provides:
 

 That the amount[s] of any Federal income tax due under any return[s] made by or on behalf of the above-named taxpayers] for the tax year[s] ended ..., may be assessed at any time on or before the 90th day after (1) mailing by the Internal Revenue Service of written notification, to the taxpayers] of termination of Appellate Division consideration, or (2) receipt by the Regional Appellate Division branch office considering the case of written notification from the taxpayers] of election to terminate this agreement, except that if in either event a statutory notice of deficiency in tax for any such year[s] is sent to the taxpayer[s], the running of the time for making any assessment shall be suspended for the period during which the making of an assessment is prohibited and for 60 days thereafter. If such statutory notice is sent to the taxpayers] and neither of the conditions enumerated (1) and (2) in the preceding sentence have [sic] occurred, the time for making such assessment will expire 60 days after the period during which the making of an assessment is prohibited. However, this agreement will not reduce the period of time otherwise provided by law for making such assessment.
 

 [2]
 

 . The Hon. John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation as a United States District Judge for the Western District of Missouri.
 

 [3]
 

 . It may well be that the assessment made here did not come "immediately” after the adjudication of bankruptcy. That circumstance can be of no aid to the taxpayer. Section 6871(a), as the District Court explained, is for the benefit of the government, not of the taxpayer. It means simply that the government may serve an assessment at once, without first sending a statutory notice of deficiency.