LOUIS E. ROSZKOS AND VIVIAN L. ROSZKOS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 45403-85.          Filed December 4, 1986.

*Woodford G. Rowland*, for the petitioners.
*Thomas M. Rohall*, for the respondent.

---

GERBER, *Judge*: Respondent, in a notice of deficiency dated October 28, 1985, determined deficiencies in petitioners' 1973 and 1974 Federal income taxes in the amounts of $33,178 and $36,136, respectively. Petitioners filed a timely petition reflecting a legal residence of Alamo, California. Petitioners, on January 21, 1986, moved to dismiss for lack of jurisdiction on the ground that respondent's October 28, 1985, notice was mailed beyond the 3-year statutory period within which to assess tax. The circumstances preceding the issuance of the notice are unique and give rise to the following novel issues: (1) Whether a notice of deficiency which is not mailed to the last known address is sufficient to terminate an open-ended consent (Form 872-A) to extend the assessment period; and (2) where respondent has not exercised reasonable diligence in determining a taxpayer's last known address, may respondent invoke the jurisdiction of this Court under the holding in *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984), revg. a Memorandum Opinion of this Court.

### FINDINGS OF FACT

Petitioners' 1973 and 1974 taxable years were under consideration by respondent. Several consents to extend the statute of limitation on assessment were executed periodically by the parties. Eventually, the parties executed a Special Consent to Extend the Time to Assess Tax, Form 872-A (rev. July 1979). Form 872-A is essentially an open-ended consent, the pertinent terms of which are as follows:

taxpayer(s) * * * and [respondent] consent and agree as follows: (1) The amount(s) of any Federal _____ tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended _____, may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. A final adverse determination subject to declaratory judgment under sections

7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement.

(2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. An assessment for one period covered by this agreement will not end this agreement for any other period it covers. Some assessments do not reflect a final determination and appeals consideration and therefore will not terminate the agreement before the expiration date. Examples are assessments of: (a) tax under a partial agreement; (b) tax in jeopardy; (c) tax to correct mathematical or clerical errors; (d) tax reported on amended returns; and (e) advance payments. In addition, unassessed payments, such as amounts treated by the Service as cash bonds and advance payments not assessed by the Service, will not terminate this agreement before the expiration. This agreement ends on the date determined in (1) above regardless of any assessment for any period includible in a report to the Joint Committee on Taxation submitted under section 6405 of the Internal Revenue Code.

(3) This agreement will not reduce the period of time otherwise provided by law for making such assessment.

(4) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 (six) months after this agreement ends.

During October 1980 and September 1980, the Forms 872-A were executed for petitioners' 1973 and 1974 taxable years, respectively. On December 31, 1981, respondent mailed duplicate original notices, of deficiency to petitioners' former addresses at Oak Ridge, Tennessee, and Seattle, Washington. Petitioners did not receive either of the duplicate original notices, and on May 24, 1982, respondent assessed the full amount of the 1973 and 1974 income tax deficiencies. Petitioners paid the assessed tax and interest late in 1982 and early in 1983. About 2½ years later, during June 1984, petitioners petitioned to this Court and then moved for a dismissal for lack of jurisdiction on the ground that the December 31, 1981, notice was not sent to their "last known address" in accord with section 6212(b)(1).[1] Respondent, by a September 12, 1984, notice, advised of no objection to our granting petitioners' motion to dismiss.[2]

---

[1] All statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] It is clear that respondent was aware of petitioners' then current Alamo, California, address when the 1981 notices of deficiency were sent to petitioners' former addresses. The 1981 notices were returned to respondent with the notations: "Moved, Not Forwarded" and "Moved Left No Address."

On November 9, 1984, we ordered the dismissal of docket No. 17824-84 due to respondent's failure to mail a notice of deficiency to petitioners' last known address.

Following the dismissal of docket No. 17824-84 petitioners, on September 16, 1985, mailed a Notice of Termination of Special Consent to Extend the Time to Assess Tax, Form 872-T (rev. August 1984), to respondent concerning the 1973 and 1974 taxable years. The text of Form 872-T, following identifying information including the taxable years involved, reads:

> Under the agreement dated _____, between the above taxpayer(s) and the Internal Revenue Service, this form is written notification of termination of Form 872-A * * * for the kind of tax and tax period(s) indicated above.

Petitioners added the following language to the Form 872-T:

This Notice of Termination is filed without waiver of the taxpayers' position that the time to assess tax for the years in question has expired, based on the Service's mailing of a notice of deficiency on December 31, 1981.

On November 25, 1985, respondent refunded all payments of the 1973 and 1974 assessed and collected deficiencies, plus interest, to petitioners. On October 28, 1985, respondent mailed a notice of deficiency for 1973 and 1974 to petitioners' correct address. Petitioners initiated this case by filing a timely petition which respondent answered. For a second time, petitioners have moved to dismiss the 1973 and 1974 taxable years, due to lack of jurisdiction. On this occasion, however, petitioners contend, that respondent's notice of deficiency (dated October 28, 1985) was not mailed prior to the expiration of the period within which tax for 1973 and 1974 could be assessed by respondent. Respondent's response to petitioners' motion is that the period for assessment is open because the 1980 Forms 872-A (open-ended consents) were never terminated and, if they were terminated, the holding in *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984), revg. a Memorandum Opinion of this Court, confers jurisdiction upon this Court.

## OPINION

The issues presented have not been addressed in a published opinion of this Court. We must first determine whether either the mailing of a notice of deficiency to the wrong address (not the "last known address") or the assessment of the tax based upon such a notice is sufficient to terminate an open-ended consent extending the assessment period.

Over the years, respondent has designed various forms by which the parties to a tax audit or controversy could agree to extend the statutory period for assessment under section 6501(c)(4). Initially, the agreements (Forms 872) were designed to extend the assessment period for a finite period. A second type of agreement (Form 872-A) was then designed to permit an open-ended extention or waiver of the statutory period until one of several enumerated events occurred. Respondent announced the new Form 872-A in Rev. Proc. 71-11, 1971-1 C.B. 678. Several administrative and legal problems were encountered with respect to the new Form 872-A.[3] In an attempt to remedy these shortcomings, respondent revised and announced new procedures with respect to Form 872-A in Rev. Proc. 79-22, 1979-1 C.B. 563. Under the revised Form 872-A (rev. July 1979) used in this case, the open-ended consent terminates after: (1) Respondent *receives* a Form 872-T; (2) respondent *mails* a Form 872-T; (3) respondent *mails* a notice of deficiency; or (4) the deficiency is finally *assessed*.

Respondent has structured the agreement, or consent, to his administrative advantage. The taxpayer may not terminate the consent without respondent's actual knowledge or at least receipt of a Form 872-T from the taxpayer.[4] On the other hand, respondent may terminate by simply mailing either a notice of deficiency or a Form 872-T. It is clear that there is no express requirement that a taxpayer receive the Form 872-T or notice of deficiency for the consent to be terminated. The parties herein have acted in a somewhat

---

[3] In *Johnson v. Commissioner*, 68 T.C. 637 (1977), we held correspondence between the appellate division and the taxpayer, advising that a notice of deficiency was to be sent, sufficient to terminate the Form 872-A agreement. The terms of the earlier version of Form 872-A did not specifically require the mailing of the notice.

[4] In addition to the receipt requirement, taxpayers are also required to use the form provided by respondent, Form 872-T. See *Grunwald v. Commissioner*, 86 T.C. 85, 89 (1986).

unorthodox manner to avail themselves of benefits they perceive to exist in respondent's revised procedures. Petitioners paid the tax and waited several years to air their defense to the assessment.[5] Petitioners then tested respondent's mettle by sending a protective Form 872-T. Respondent answered by refunding the tax payments and mailing a new notice of deficiency to petitioners. Now petitioners ask us to dismiss for lack of jurisdiction due to respondent's alleged inability to issue a notice of deficiency.[6]

Respondent's position is that the 1981 notice of deficiency was a "nullity." Respondent argues that a notice of deficiency must meet the statutory requirements of section 6212 to effectively terminate a Form 872-A agreement. Further, respondent argues that petitioners did not receive actual notice of the 1981 notice of deficiency and could not have relied upon it. Finally, respondent points out that "in order to terminate an 872-A, notice of one party's intent to terminate must be *communicated* to the other party." We find respondent's position that the notice must be communicated to be somewhat of a paradox when considered in conjunction with the express terms of the Form 872-A and the procedures outlined in Rev. Proc. 79-22, 1979-1 C.B. 563. There would also be a lack of continuity and reason with the principle that a notice of deficiency may satisfy the requirements of sections 6212 and 6213 even though it is never received at the "last known address"[7] (*Luhring v. Glotzbach*, 304 F.2d 556 (4th Cir. 1962)), or improperly addressed without chance of delivery and notice, but the taxpayer becomes aware of it and timely petitions this

---

[5]Petitioners could have filed a complaint in the U.S. District Court or Claims Court seeking a refund of the 1973 and 1974 income tax deficiencies they had paid. Instead, they waited several years to file a petition in our Court and to request its dismissal for lack of jurisdiction. The alternative selected by petitioners did not insure the return of the taxes paid. Because the 3-year statute had, under petitioners' theory, expired during 1982, we presume that petitioners may not have been aware of their statute of limitation defense at the time they paid the tax during the latter part of 1982 and early part of 1983.

[6]Although petitioners have couched their motion as one to dismiss for lack of jurisdiction, it more properly goes to the merits of these taxable years. If we find that the statutory period for assessment and collection has expired, either the second notice is ineffective or petitioners have a complete defense to any determination, assessment, or collection of tax for their 1973 and 1974 taxable years. This motion could be and is alternatively considered one for summary judgment under Rule 121.

[7]It appears that respondent designed the 1979 Form 872-A, in part, for his own administrative convenience and to comport with the statutory requirement of mailing, which contains no requirement of receipt by the taxpayer.

Court (*Clodfelter v. Commissioner*, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); *Goodman v. Commissioner*, 71 T.C. 974, 977-978 (1979)).

A consent to extend the period for assessment is essentially a unilateral waiver of the taxpayer's defense and it is not a contract. *Stange v. United States*, 282 U.S. 270 (1931); *Piarulle v. Commissioner*, 80 T.C. 1035, 1042 (1983). "Contract principles are significant, however, because section 6501(c)(4) requires that the parties reach a written agreement as to the extension. The term 'agreement' means a manifestation of mutual assent. S. Williston, Contracts 6 (3d ed. 1957)." *Piarulle v. Commissioner, supra* at 1042.

Respondent has attempted to interpret and characterize the language and meaning of the terms in the Form 872-A to meet his current predicament. It is clear to us that respondent placed a higher standard on the taxpayers than on himself by requiring actual receipt by respondent before a Form 872-A consent may be terminated by the taxpayer. It is also clear that the terminology used by respondent did not require receipt by a taxpayer of respondent's Form 872-T or notice of deficiency. Respondent's argument that a notice of deficiency that does not in every respect comply with section 6212 is a "nullity," ignores respondent's ability to terminate a Form 872-A consent by simply mailing a Form 872-T to the taxpayer. There is no corresponding statutory requirement that the address be correct on a Form 872-T. If respondent had wished to use an actual notice or "communication" standard, he should have incorporated it in the terms of the revised consent form.[8] On the other hand, we believe that an improperly addressed notice of deficiency or Form 872-T which does not have the potential to advise a taxpayer of the intended termination by respondent, would not suffice to terminate the parties' agreement. This rationale is in line with the case law regarding notices of deficiency. In this case, however, petitioners became aware of the undelivered notices of deficiency sometime between the mailing of the 1981 notices and the payment of the tax during 1982 and 1983. Considering those two events together (mailing of the notices and petitioners' later knowledge of same), the

---

[8]Nothing herein is intended to preclude respondent from revising the terms of Form 872-A.

purpose of the mailing of the notice and its intended effect upon the Form 872-A consent have been achieved. We believe this to be a fair reading of the parties' agreement, ostensibly insuring some possibility of success in notification of termination. Furthermore, this result is conceptually analogous to the case law governing notices of deficiency which may provide parallel procedures and results regarding the effect of notices of deficiency upon the parties. See *Clodfelter v. Commissioner, supra,* and *Goodman v. Commissioner, supra.*

It is fundamental that doubtful language in a contract should be interpreted against the party who has selected the language. *Moulor v. American Life Insurance Co.,* 111 U.S. 335 (1884); *In re Rule's Estate,* 25 Cal. 2d 1, 152 P.2d 1003, 1009 (1944). This principle is especially pertinent here where respondent is asking us to ignore the literal terms of the consent in a manner favoring himself. The essential question we seek to answer is not whether the 1981 notices are notices of deficiency within the meaning of section 6212,[9] but whether respondent intended to and did terminate the effect of the Form 872-A by mailing a notice of deficiency, mailing a Form 872-T, or assessing the deficiency in dispute.

Respondent offers some case precedents which he believes to be "similar or identical" to this case. In *Commissioner v. DeLeve,* 748 F.2d 465 (8th Cir. 1984), the parties had entered into a Form 872-A agreement. Thereafter, the taxpayer voluntarily petitioned in bankruptcy. Respondent mailed a notice of deficiency after the commencement of the bankruptcy proceeding. Several years later, the taxpayers moved for summary judgment in the Bankruptcy Court on the ground that the notice of deficiency terminated the Form 872-A agreement and that, accordingly, the statutory period for assessment had expired. The Eighth Circuit Court of Appeals affirmed the District Court's holding that section 6871(a) permits immediate assessment without resort to section 6213(a) deficiency procedures and that the notice of deficiency was a nullity. *Commissioner v. DeLeve,*

---

[9]We have already decided, based upon petitioners' motion and respondent's notice of no objection that the 1981 notices of deficiency did not meet the requirements of sec. 6212. That question concerned our jurisdiction and respondent's ability to assess without further "deficiency procedures."

*supra.* The rationale underlying the Eighth Circuit's holding is that the deficiency procedure is obviated and respondent is statutorily unable to issue a notice of deficiency.

The *DeLeve* rationale is dependent upon the intervening bankruptcy provisions and the practical or actual incapacity of respondent to issue a notice of deficiency under section 6871. Stated another way, the attempt to issue or mail a notice of deficiency where respondent has the authority to immediately assess the tax and where this Court could not acquire jurisdiction or consider the merits is of no effect or could be considered a "nullity."

When respondent mailed the 1981 notices of deficiency in this case, there was no such impediment as existed in *DeLeve.* Although the 1981 notices did not meet the "last known address" requirement of section 6212(b), they were not a "nullity" for purposes of the Form 872-A agreement, but they were notices of deficiency with statutory defects.[10] Indeed, respondent assessed and collected the income tax deficiencies determined in the 1981 notices.[11]

In *Lefebvre v. Commissioner,* T.C. Memo. 1984-202, affd. per curiam 758 F.2d 1340 (9th Cir. 1985), we considered whether the Form 872-A had been properly executed. Respondent contends that the parties' failure in that case to contest a similar intervening notice with a wrong address provides precedential value to our Memorandum Opinion which is germane to this case. We strongly disagree and

[10] Although we have held that notices of deficiency not mailed to a taxpayer's last known address are a "nullity," we have so held in connection with the notices' compliance with sec. 6212(b). *Reddock v. Commissioner,* 72 T.C. 21 (1979). The use of the word "nullity" in those cases must be factored in with the holding in *Clodfelter v. Commissioner,* 527 F.2d 754 (9th Cir. 1975), affg. 57 T.C. 102 (1971), where the defect is cured by actual notice and the successful petitioning of our jurisdiction.

[11] When respondent assessed and collected the 1973 and 1974 income tax deficiencies based upon the defective notice, from which petitioners were unable to petition, petitioners were or became possessed of an affirmative statute of limitation defense. If in that situation respondent was not aware of the defect in the notice or petitioners did not raise the affirmative defense, the tax and interest would not be returned to petitioners. Accordingly, an argument could be made that the assessment of the 1973 and 1974 tax deficiencies during 1982 was an event described in the Form 872-A which, upon communication to petitioners of the fact of assessment, could have terminated the agreement. Respondent has argued that an assessment based upon a notice which is a "nullity" is not an assessment within the meaning of the agreement. Respondent's position is not without merit, but due to our holding that petitioners' actual knowledge of the notice acquired during the collection process cured the address defect, we need not reach respondent's position.

find that *Lefebvre v. Commissioner, supra,* is not on point.[12] Because we have found that the notices of deficiency under the circumstances of this case terminated the parties' Form 872-A consent, respondent has asked us, in the alternative, to find that we nevertheless have jurisdiction over the parties and the subject matter under the holding of *Wallin v. Commissioner,* 744 F.2d 674 (9th Cir. 1984), revg. a Memorandum Opinion of this Court. Respondent's position and the rule of law given to us in *Wallin v. Commissioner, supra,* are not readily evident without an understanding of the factual background and the legal history.

The *Wallin* case presents a common fact pattern where taxpayers seek to "justify" their otherwise untimely petitions by showing that respondent did not issue or mail a notice of deficiency in compliance with sections 6212 and 6213. Eve Watson (Eve) had filed her 1977 Federal individual income tax return reflecting her social security number and Alaska address. Within the next several months she moved twice, took up residence in Washington, and married Robert Wallin. Eve filed a joint return for 1978 and 1979 reflecting a Washington address and using the name "Wallin." Eve's social security number was reflected in the "lower box" provided for the spouse of the first named taxpayer. Eve did not separately notify respondent of her change of name or address. In connection with the 1980 audit of Eve's 1977 return, respondent's agent attempted to contact Eve at her Alaska address, but correspondence was returned by the Post Office as "undeliverable" and there was no forwarding address. Respondent's agent checked State of Alaska motor vehicle records and Internal Revenue Service Center records for Alaska by name and social security number and was not able to find a more current address. It was further determined that there was no record of Eve's filing a 1978 or 1979 Federal return as a resident of Alaska. The notice of deficiency for Eve's 1977 taxable year was sent to her Alaska address, and it was returned to respondent marked "unclaimed." Shortly thereafter respondent assessed the 1977 income tax deficiency and it was assigned to an officer for collection. The collection officer

---

[12]Respondent also directed our attention to an unpublished Memorandum Sur Order of this Court. Such memoranda by their unpublished status bespeak their lack of precedential value beyond the litigants to which they are addressed.

was not able to determine Eve's whereabouts from the Internal Revenue Service Center records because the spousal social security number was not searched. The collection office finally located Eve by means of an inquiry of the Social Security Administration. Eve was contacted concerning her 1977 taxable year (and with regard to the fact that a notice of deficiency had been sent to her Alaska address) by means of a certified letter mailed to her on September 11, 1981. Eve's petition was received by this Court on October 13, 1981.

In our Memorandum Opinion (T.C. Memo. 1983-52) we found Eve's petition to be untimely, because it was not filed within 90 days of respondent's mailing of the notice of deficiency. As a premise to finding the petition was filed untimely, we first found that respondent's notice to the taxpayer was mailed to her "last known address." Generally, the address reflected on a return is the "last known address" unless the taxpayer sends a clear and concise notification to respondent directing a change of address. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374-375 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); *Looper v. Commissioner*, 73 T.C. 690, 696-697 (1980). Respondent is bound to exercise reasonable diligence in ascertaining a taxpayer's correct address. *Maxfield v. Commissioner*, 153 F.2d 325, 326 (9th Cir. 1946); *Alta Sierra Vista, Inc. v. Commissioner, supra* at 374. The standards or duties placed upon taxpayers and respondent usually meet or intersect at some point. It is at that point that the responsibility shifts from the taxpayer to respondent. The case law has held taxpayers to a higher standard than respondent. "Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address." *Alta Sierra Vista, Inc. v. Commissioner, supra* at 374.

In those instances where a taxpayer has made no specific attempt to communicate a new address (this assumes that respondent has become aware that the address reflected on the return is no longer correct), respondent is generally entitled to rely on the address shown on the return. Respondent should also be aware of address information acquired in the district where the return was filed (i.e.,

*Keeton v. Commissioner*, 74 T.C. 377 (1980)). The Ninth Circuit has placed a higher standard of responsibility upon respondent. In *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312-313 (9th Cir. 1982), the circuit affirmed the District Court's holding that would require the Commissioner to search beyond the district in which the subject return was filed. See also *Welch v. Schweitzer*, 106 F.2d 885 (9th Cir. 1939). In addition to broadening the geographical scope, the Ninth Circuit has placed a more rigorous burden on respondent by requiring a thorough search of his records even where a taxpayer has not directly communicated any change of address.

Without direct notification of Eve's move and name change, we held that respondent's district-wide search was sufficient to satisfy the "reasonable diligence" standard. The Ninth Circuit reversed, holding that respondent did not exercise diligence in Eve's case because he did not perform a computer search for social security numbers in both "the primary taxpayer's box and the "spousal taxpayer's box." In remanding Eve's case to our Court, the Circuit Court instructed us "to file, as timely," Eve's petition concerning her 1977 tax year. No supporting rationale or analysis of section 6212 or 6213 was provided by the Circuit Court regarding its instruction to treat the petition as timely.[13]

Section 6212 permits the filing of a petition within 90 days of the mailing of a notice of deficiency. The Circuit Court's opinion varies from the statutory language in that it would appear to permit the filing of a petition at any time within 90 days of the time a taxpayer acquired knowledge of a notice of deficiency which was not addressed to the taxpayer's last known address.[14] Appeal of this case

---

[13]Eve's petition was received and filed more than 90 days after respondent's attempt at issuance and mailing of a notice of deficiency for 1977 and about 30 days after her actual knowledge of the notice.

[14]The reasoning of the Ninth Circuit's holding, when followed to a logical conclusion, is procedurally troublesome. It may result in litigation long after tax records and witnesses are available. There would be no statutory limit upon the parties and it may promote uncertainty. We commend the Circuit Court's concern for equity and fairness in providing a forum without payment of the tax, but the holding appears to confer jurisdiction upon this Court which may not have been statutorily mandated. The jurisdiction of this Court was legislatively conferred and has generally been narrowly construed. *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418 (1943). A valid petition is the basis of this Court's jurisdiction and to be valid a petition must be filed in response to a valid notice of deficiency. *Stamm International Corp. v. Commissioner*, 84 T.C. 248, 252 (1985); *Midland Mortgage Co. v. Commissioner*, 73 T.C. 902 (1980).

lies in the Ninth Circuit and we are bound to follow the holding in *Wallin v. Commissioner, supra. Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971).

The Ninth Circuit could have granted Eve Wallin's motion to dismiss[15] and respondent would have been barred from assessing or collecting a 1977 deficiency in income tax. The Circuit Court chose to place the parties in our Court on the merits without providing guidelines or rationale. Respondent argues that "the Ninth Circuit is concerned about petitioners who may not have a forum to contest the merits of the * * * notice and * * * the loss to the government fisc that a dismissal would bring." Respondent also speculates that the Circuit Court did not wish to generate a windfall to Eve Wallin for nothing more than a "clerical error." Respondent obviously believes he is or should be a beneficiary of the type of relief granted to Eve Wallin. We disagree.

The Circuit Court's opinion appears to be grounded on equitable principles. We assume that the Circuit Court was more concerned with the taxpayer's ability to obtain a hearing on the merits without first paying the tax, rather than the "fisc." This assumption is strongly suggested factually in *Wallin v. Commissioner, supra*, where the Circuit Court held it was respondent's failure to exercise reasonable diligence in seeking out the correct address. We do not feel constrained to allow respondent to benefit by his lack of diligence in these circumstances, where petitioners do not wish a trial on the substantive merits, but are seeking to fend off respondent on the theory that the statutory period for assessment has expired.[16]

---

[15]In *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984), revg. a Memorandum Opinion of this Court, the taxpayer and respondent filed cross-motions for dismissal due to lack of jurisdiction. The taxpayer contended that the notice of deficiency was invalid and the statutory period for assessment had run so that respondent had no capacity to issue a new notice or assess and collect the tax based upon the invalid notice. Respondent contended that the notice was valid and the petition was untimely permitting assessment and collection of the tax. Under respondent's contention, the taxpayer would have been able to contest the merits of her 1977 tax year by paying the tax and suing for a refund. Under the taxpayer's contention, the merits of the 1977 tax year would have been res judicata.

[16]A myriad of additional administrative and legal questions remain unanswered as a result of the Circuit Court's holding in *Wallin v. Commissioner, supra*, but need not be considered on these facts.

Since we hold that the statute of limitations on assessment for 1973 and 1974 has expired, petitioners' motion for summary judgment (see note 6 *supra*) is granted.

To reflect the foregoing,

*An appropriate order will be entered.*

Reviewed by the Court.

STERRETT, CHABOT, NIMS, WHITAKER, SHIELDS, HAMBLEN, CLAPP, JACOBS, WRIGHT, PARR, WILLIAMS, and WELLS, *JJ.*, agree with the majority opinion.

COHEN, *J.*, agrees with the result only.

KÖRNER and SWIFT, *JJ.*, did not participate in the consideration of this case.

---

SIMPSON, *J.*, dissenting: I must disagree with the majority's interpretation of the extension agreement. My understanding of contract law is that the cardinal principle of interpretation is that the Court should attempt to give effect to the intentions of the parties to the agreement, and I believe that the majority has lost sight of that objective. 3 A. Corbin, Contracts, sec. 538 (Supps. 1960 & 1971); 1 Restatement, Contracts 2d, sec. 202 (1979); 4 S. Williston, Contracts, sec. 601 (3d ed. 1961 & Cum. Supp. 1986). Additionally, in interpreting a contract, "technical terms and words of art are given their technical meaning when used in a transaction within their technical field," unless the parties have manifested a different intention. Restatement, *supra* at sec. 202(3).

Section 6501 establishes the various statutes of limitation on the time within which the Commissioner must act. However, a taxpayer and the Commissioner may agree to extend those times. Historically, an extension was for a fixed period. Whether the parties were operating under the statutory limitations or under a limitation established by an extension agreement, the Commissioner knew when he had to act—he knew that if he did not issue a notice of deficiency and commence the tax collection procedures by the known date, he would forego his right to collect the tax.

In this case, we have a new type of an extension agreement: under it, the extension continues indefinitely, but it can be terminated by either party. It can be terminated by either party giving notice of his intention to terminate, but if it is terminated in that manner, the Commissioner is given a period of time within which to issue his notice of deficiency and commence the tax collection procedures. To avoid the Commissioner's having to issue a notice of termination followed by a notice of deficiency, the agreement also provides that it can be terminated simply by the Commissioner's issuing a notice of deficiency. When the notice of deficiency is issued, both parties will then have their days in court to dispute the merits of the claimed deficiency.

The Court's interpretation of the agreement has undermined these arrangements. In the earlier case, the taxpayer asked the Court to set aside the assessment on the ground that the notice of deficiency was invalid, and the Court granted that request. Now the taxpayer asks the Court to hold that the notice of deficiency was effective to terminate the extension because he learned of it in 1982, and the Court is granting that request. As a result of these two decisions, the Court has construed the agreement so as to deprive the Commissioner of any right to come to Court to claim a deficiency, and to relieve the taxpayer from any claimed deficiency without his having to prove that he did not owe such deficiency.

Surely, no one can doubt that when the parties executed the extension, they contemplated that it could only be terminated by a Form 872-T or a notice of deficiency that would be effective under section 6213 to commence the tax collection procedures, or that would have been their contemplation if they had thought about the matter. Yet, as a result of this decision, it will be necessary for the Commissioner to revise his Form 872-A to make clear that the consent is terminated by a notice of deficiency that is effective under section 6213, but this taxpayer will enjoy the windfall of never having to prove that he did not owe the tax claimed by the Commissioner.

PARKER, *J.*, agrees with this dissent.