DONNA J. KNAPP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knapp v. Commissioner
Docket No. 42911-85.
United States Tax Court
T.C. Memo 1987-178; 1987 Tax Ct. Memo LEXIS 173; 53 T.C.M. (CCH) 507; T.C.M. (RIA) 87178; April 1, 1987. John A. Campbell and Vernon Bennett, III, for the petitioner. Margaret A. Satko, for the respondent. GERBER
MEMORANDUM FINDINGS *174 OF FACT AND OPINION GERBER, Judge: Respondent, in a notice of deficiency dated October 11, 1985, determined deficiencies in petitioner's 1976, 1977 and 1979 Federal income taxes in the amounts of $45,055.68, $21,571.20 and $7,437.02, respectively. Petitioner, on November 29, 1985, filed a timely petition and by a motion filed August 20, 1986, seeks summary judgment on the ground that the statute of limitations on assessment and collection expired prior to respondent's mailing of the October 11, 1985, notice of deficiency (1985 notice). We are asked to determine whether open-ended consents to extend the statute of limitations on assessment were terminated prior to the issuance of the 1985 notice which initiated this case. The issues presented in this case are substantially similar to the issues recently decided in Roszkos v. Commissioner,87 T.C. 1255 (1986). Donna J. Knapp (petitioner) was married to Alan B. Knapp (husband) during the taxable years 1976, 1977 and 1979. They became divorced on December 15, 1983. For the three years in issue, petitioner and husband filed joint Federal income tax returns. Without extension of the normal periods of time for *175 assessment of any of the three taxable years, the statute of limitations on assessment (on the 1979 year) would have expired on April 15, 1983, [1] section 6501. [2]
For each of the three taxable years, petitioner and husband, along with the appropriate representative of respondent, timely executed Forms 872-A (Special Consent(s) to Extend the Time to Assess Tax, hereinafter "open-ended consents"). The pertinent terms of the open-ended consents are as follows: [T]axpayer(s) * * * and [respondent] consent and agree as follows: (1) The amount(s) of any Federal       tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended      , may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination *176 of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. (2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. An assessment for one period covered by this agreement will not end this agreement for any other period it covers. Some assessments do not reflect a final determination and appeals consideration and therefore will not terminate the agreement before the expiration date. Examples are assessments of: (a) tax under a partial agreement; *177 (b) tax in jeopardy; (c) tax to correct mathematical or clerical errors; (d) tax reported on amended returns; and (e) advance payments. In addition, unassessed payments, such as amounts treated by the Service as cash bonds and advance payments not assessed by the Service, will not terminate this agreement before the expiration. This agreement ends on the date determined in (1) above regardless of any assessment for any period includible in a report to the Joint Committee on Taxation submitted under section 6405 of the Internal Revenue Code. (3) This agreement will not reduce the period of time otherwise provided by law for making such assessment. (4) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 (six) months after this agreement ends. On February 23, 1984, respondent received a Form 872-T (Notice of Termination of Special Consent to Extend the Time to Assess Tax) for the taxable years 1976, 1977 and 1979 by means of a transmittal letter from husband's legal representative. The Form 872-T made no reference to petitioner and is signed only by husband and his representative, David A. Ziegler. *178 [3] Mr. Ziegler did not represent petitioner at the time of submitting the Form 872-T. May 23, 1984, was the 90th day following receipt of the Form 872-T by respondent. Prior to May 23, 1984, petitioner notified respondent that she and her former husband had established separate residences and that she lived at 12180 East "D" Avenue, Richland, Michigan. [4] As of May 23, 1984, husband resided at 2380 Port Sheldon, Jenison, Michigan, which had been petitioner's address when she had jointly filed the returns for the years in issue. On May 23, 1984, respondent mailed a notice of deficiency (1984 notice) in the joint names of petitioner and husband to the 2380 Port Sheldon, Jenison, Michigan, address. On October 4, 1984, respondent assessed the deficiencies such that they be jointly and severally due from petitioner and husband. Thereafter, collection activity was begun against petitioner and a Notice of Federal Tax Lien was filed *179 in Kalamazoo County, Michigan, where petitioner owned real property. On July 10, 1985, petitioner filed a petition from the 1984 notice, which the parties stipulated should be dismissed for lack of jurisdiction because the 1984 notice was not sent to petitioner's last known address. [5] The 1985 notice was mailed by respondent to petitioner's correct address more than 90 days after petitioner's actual knowledge of the incorrectly addressed 1984 notice [6] and the assessment of the deficiencies determined in the 1984 notice. Petitioner advances three basic arguments in support of her motion for summary judgment: (1) The Form 872-T submitted by her former husband terminated the open-ended consents; (2) the mailing of the 1984 notice terminated the open-ended *180 consents; (3) the assessment of the tax based upon the 1984 notice terminated the open-ended consents. The controlling facts in Roszkos v. Commissioner,87 T.C. 1255, 1261 (1986), are identical to the facts in this case. Taxpayers did not receive notices of deficiency, even though respondent had knowledge of their correct addresses. Both taxpayers subsequently became aware of respondent's mailing of a statutory notice during the collection process and more than 90 days before respondent mailed a properly addressed notice to them. Respondent's brief in this case did not present any new arguments on this point which were not already presented and considered in Roszkos v. Commissioner,supra.
Petitioner in this case (more than 90 days prior to the issuance of the 1985 notice) became aware of respondent's mailing of a statutory notice [7] which, under the terms of the open-ended consents, evidenced an intention to terminate the consents. We find these circumstances sufficient to terminate the open-ended consents for the taxable years 1976, 1977 and 1979. Accordingly, we find that the 1985 notice was mailed subsequent to the expiration of the *181 statute of limitation on assessment for petitioner's taxable years 1976, 1977 and 1979. [8]Roszkos v. Commissioner,supra.
*182 To reflect the foregoing, Decision will be entered for petitioner.
Footnotes
1. The 1976 and 1977 returns would have expired on Apr. 15, 1980 and 1981, respectively. Returns of income for all years had been timely filed. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Since petitioner and husband were divorced at this time, it is assumed that husband was not acting on the behalf of his divorced spouse. ↩
4. Which address was petitioner's legal residence at the time of filing the petition commencing this case.↩
5. The parties filed the stipulation as to settled issues on May 12, 1986, concerning the 1984 notice in docket No. 25549-85. ↩
6. Petitioner's knowledge of the 1984 notice was acquired through the collection process following assessment of the deficiencies based upon the 1984 notice. Petitioner's July 10, 1985, petition from the 1984 notice was more than 90 days prior to respondent's mailing of the 1985 notice on Oct. 11, 1985.↩
7. We note that in this case the 1984 notice (which was a joint notice naming petitioner and husband) was apparently sent to husband's "last known address" within the meaning of sec. 6212(b). Accordingly, unlike the Roszkos v. Commissioner,87 T.C. 1255↩ (1986), factual situation, the 1984 notice in this case was not defective as it related to husband, but it was defective as it related to petitioner. See sec. 6212(b)(2). This factual variation would seem to weaken respondent's position that the 1984 notice was a "nullity." 8. Petitioner has requested that we consider her argument that her former husband's Form 872-T would terminate the open-ended consents as they related to petitioner even if she were successful under the holding of Roszkos.The theory of petitioner's argument is that respondent had the choice of sending separate or a joint notice of deficiency to petitioner and her husband and that by choosing a joint notice respondent caused all subsequent actions of the parties to be "joint and several." Petitioner finds analogous the fact that if one joint taxpayer pays a portion of the joint liability, the payment reduces the liability of both. We find petitioner's analogy to be inapposite in light of Baron v. Commissioner,71 T.C. 1028 (1979), where we held that a joint statutory notice provided jurisdiction over the wife of a bankrupt taxpayer for whom we had lost jurisdiction because of the pendency of his bankruptcy. Moreover, we have found that a statutory notice is also divisible as to multiple years contained therein. See Stamm International Corp. v. Commissioner,84 T.C. 248, 254↩ (1985). It is especially difficult to appreciate petitioner's argument in this factual setting where she was divorced and living separately from the person who transmitted the Form 872-T to respondent. We decline to consider this theory as part of the ratio decidendi of this case and offer petitioner and others little hope of success based upon this theory.