CHARLES E. HUBBARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hubbard v. Comm'r
Docket No. 9008-87. United States Tax Court
T.C. Memo 1987-575; 1987 Tax Ct. Memo LEXIS 578; 54 T.C.M. (CCH) 1121; T.C.M. (RIA) 87575; November 23, 1987; Reversed and Remanded April 12, 1989 *578 P executed special consents (Forms 872-A) extending the statute of limitations for the taxable years 1976 through 1979. R issued a notice of deficiency on November 13, 1985 for these tax years. The notice was not sent to P's last known address and not received by him. In April and May of 1986, P became aware of the November 13, 1985 notice of deficiency. R issued a new notice of deficiency for the same tax years to P's last known address on March 31, 1987. A timely petition was filed with respect to this notice. Held, P's Motion for Summary Judgment is granted in that the statute of limitations expired with respect to the taxable years 1976 through 1979 prior to the issuance of the March 31, 1987 notice of deficiency. Roszkos v. Commissioner,87 T.C. 1255 (1986), on appeal (9th Cir., July 14, 1987). Held further, P's Motion for Reconsideration of our Order granting removal of small tax case designation is denied. Geoffrey J. O'Connor, for the petitioner. Oksana O. Xenos, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This matter came before the Court on petitioner's Motion for Summary Judgment and petitioner's Motion for Reconsideration of our *579 Order granting removal of small tax case designation. [1] By notice of deficiency, dated March 31, 1987, respondent determined deficiencies in petitioner's 1976, 1977, 1978, and 1979 Federal income taxes in the amounts of $ 8,569.89, $ 8,334.40, $ 8,404.02, and $ 5,789.40, respectively. The notice of deficiency also determined additional interest under section 6621(c) [2] for an underpayment due to a tax motivated transaction. The petition herein was filed on April 10, 1987. [3]
Summary Judgment
Petitioner seeks summary judgment on the ground that the statute of limitations on assessment and collection expired more than 90 days prior to the issuance of the *580 March 31, 1987 notice which initiated this case. The issues presented in this case are substantially similar to the issues recently decided in Roszkos v. Commissioner,87 T.C. 1255 (1986), on appeal (9th Cir., July 14, 1987) and Knapp v. Commissioner,T.C. Memo. 1987-178, on appeal (6th Cir., September 21, 1987). [4]
For each of the four taxable years, petitioner, along with the appropriate representative of respondent, timely executed Forms 872-A (Special Consent(s) to Extend the Time to Asses Tax, hereinafter "open-ended consents"). The pertinent terms of the open-ended consents are as follows: [T]axpayer(s) * * * and [respondent] consent and agree as follows: (1) The amount(s) of any Federal -- tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended --, may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails *581 a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. A final adverse determination subject to declaratory judgment under section 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. Prior to the issuance of the March 31, 1987 notice, respondent had, on November 13, 1985, issued a notice of deficiency for the same years determining deficiencies in the same amounts as the March 31, 1977 notice of deficiency. The notice was not sent to petitioner's last known address and petitioner did not receive the notice. In April and May of 1986, petitioner received correspondence from respondent informing him that the tax as determined in the November 13, 1985 notice of deficiency had been assessed. On May 27, 1986, in response to petitioner's inquiries, a representative of the Internal Revenue Service, in a handwritten cover letter, forwarded a copy of the November 13, 1985 notice of deficiency to petitioner. Thereafter, a *582 petition was filed on June 26, 1986. [5] It is clear that the March 31, 1987 notice of deficiency, upon which this case is based, was mailed by respondent to petitioner's correct address more than 90 days after petitioner's actual knowledge of the incorrectly addressed November 13, 1985 notice [6] and the assessment of the deficiencies determined in the 1985 notice. Petitioner argues in support of his Motion for Summary Judgment that there is no material factual difference between the facts of this case and the facts of Roszkos v. Commissioner, supra.We agree. The controlling facts *583 in Roszkos are identical to the facts in this case. The taxpayers in both Roszkos and this case did not receive notices of deficiency, even though respondent had knowledge of their correct addresses.[7] Both taxpayers subsequently became aware of respondent's mailing of a statutory notice during the collection process more than 90 days before respondent mailed a properly addressed notice to them. Rule 121(a) provides that "Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy." Rule 121(b) provides that a decision shall be rendered if it is shown" * * * that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Naftel v. Commissioner,85 T.C. 527 (1985); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). There is no dispute as to the facts here. Petitioner, more than 90 days prior to the issuance of the March 31, 1987 notice, became aware of respondent's mailing of a statutory notice for the years in issue. We find as a matter of law that these circumstances are sufficient to terminate *584 the open-ended consents for the taxable years 1976, 1977, 1978, and 1979. See Roszkos v. Commissioner, supra.Accordingly, we find as a matter of law that the March 31, 1987 notice was mailed subsequent to the expiration of the statute of limitations on assessment for petitioner's taxable years 1976, 1977, 1978, and 1979. Roszkos v. Commissioner, supra.Accordingly, petitioner's Motion for Summary Judgment will be granted. Small Tax Case Designation
At the time of filing his petition, petitioner elected to have this case conducted under the small tax case procedure. However, by Order, dated July 29, 1987, we granted respondent's Motion for Removal of Small Tax Case Designation. In his Motion for Reconsideration of Order, petitioner asks that the small tax case designation be reinstated. Section 7463 provides that in the case of a petition, filed with the Tax Court, where the amount of the deficiency placed in dispute does not exceed $ 10,000 for any one taxable year, the taxpayer, at his option, concurred in by the Court, may have the case conducted as a small tax case. Section 7463(a). Rule 172(c) provides that the Court may enter an order directing that the small tax case designation *585 be removed and that the proceedings be conducted under the small tax case rules. While the Court is generally reluctant to deprive the taxpayer of the small tax case procedure when the election is made, there are circumstances where it is appropriate to remove the small tax case designation. See generally Kallich v. Commissioner, 89 T.C.    (September 23, 1987). One of the primary features of the small tax case procedure is that decisions entered under this procedure are final and not reviewable. Section 7463(b); Kahle v. Commissioner,566 F.2d 581 (6th Cir. 1977). We have decided that petitioner is entitled to summary judgment under the rule of Roszkos v. Commissioner, supra.Roszkos is currently on appeal to the Ninth Circuit. Likewise, Knapp v. Commissioner, supra, is currently on appeal to the Sixth Circuit. This case would also be appealable to the Sixth Circuit. Since the issue here is common to other cases before the Court and because a decision on appeal could establish a principal of law applicable to other cases [8] we believe it would be inappropriate to permit small tax case designation under these circumstances. Kallich v. Commissioner, supra; Page v. Commissioner,86 T.C. 1, 13 (1986); *586 Dressler v. Commissioner,56 T.C. 210, 212 (1971). Accordingly, petitioner's Motion for Reconsideration of Order will be denied. An appropriate order will be entered.
Footnotes
1. This case was heard pursuant to section 7465 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The notice of deficiency refers to section 6621(b). We assume that this reference is an error and should have read section 6621(c). ↩
3. At the time of filing the petition, petitioner resided at Pontiac, Michigan. ↩
4. See also Holof v. Commissioner,T.C. Memo. 1987-540↩. 5. That matter was ultimately dismissed for lack of jurisdiction. Hubbard v. Commissioner,↩ 89 T.C.    (October 8, 1987). 6. Petitioner's knowledge of the November 13, 1985 notice was acquired no later than late May of 1986 when petitioner received a copy of such notice with a cover letter, dated May 27, 1986. In any case, petitioner's June 26, 1986 petition from the 1985 notice (Hubbard v. Commissioner, 87 T.C.    (October 8, 1987)) was filed more than 90 days prior to respondent's mailing of the March 31, 1987 notice. See Knapp v. Commissioner,T.C. Memo. 1987-178↩, on appeal (6th Cir., September 21, 1987). 7. See also Knapp v. Commissioner, supra.↩
8. Petitioner argues that since the issue is already on appeal in the Sixth Circuit that this case will not establish precedent. See Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971). It cannot be said for certain that the issue will be decided by the Sixth Circuit in Knapp v. Commissioner, supra.↩