ROBERT E. DUNCAN AND LINDA L. DUNCAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duncan v. Commissioner
Docket No. 15988-87.
United States Tax Court
T.C. Memo 1989-22; 1989 Tax Ct. Memo LEXIS 21; 56 T.C.M. (CCH) 1073; T.C.M. (RIA) 89022; January 12, 1989. G. Dana French, for the petitioners. Stephen R. Asmussen, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: This matter is before the Court on petitioners' motion for summary judgment. Petitioners claim that the 3-year statutory period of limitations under section 6501(a) [1] expired, barring the assessment of income tax for the 1981 taxable year. For the reasons discussed below, petitioners' motion is denied. Petitioners filed their 1981 Federal income tax return on October 18, 1982. On October 3, 1985, the parties entered into a Special Consent *23 to Extend the Time to Assess Tax (Form 872-A) to extend the 3-year limitations period prescribed in section 6501(a). According to its terms, the extension agreement would expire on "the assessment date of an increase in the [income] tax that reflects the final determination of tax and the final administrative appeals consideration." [2]
*24 On November 10, 1986, respondent assessed an income tax liability, additions to tax under section 6651(a)(1) and interest with respect to petitioners' 1981 taxable year. Respondent, however, did not mail a statutory notice of deficiency to petitioners before he made the assessment, as required by section 6213(a). The assessment was made on the erroneous premise that a statutory notice had been mailed to petitioners on or about April 21, 1986. Apparently, respondent prepared and dated two statutory notices on April 21, 1986. One notice reflected deficiencies for 1980 and the other for 1981. On April 21, 1986, respondent mailed the 1980 notice to petitioners, who, in turn, filed a petition with this Court. Through apparent inadvertence, respondent did not mail the 1981 notice of deficiency. Petitioners subsequently became aware of the unmailed 1981 statutory notice and assessment when they received collection notices from respondent. Petitioners informed respondent that the assessment was mistakenly made without the prior issuance of a statutory notice of deficiency and, therefore, requested that the assessment be abated. Realizing that the 1981 notice had not been mailed *25 to petitioners and that the assessment was consequently improper, respondent mailed the previously unmailed 1981 statutory notice, dated April 21, 1986, on March 6, 1987, and abated the erroneous assessment. On June 4, 1987, while residing in Fresno, California, petitioners timely filed their petition in this Court, disputing the correctness of the deficiency determined by respondent for 1981. This Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see also Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The moving party, petitioners in this case, bears the burden of proving that there is no genuine issue of material fact and that he or she should prevail on the substantive questions at issue as a matter of law. Rule 121(b); Naftel v. Commissioner,85 T.C. 527, 529 (1985); Espinoza v. Commissioner, supra at 416. *26 We will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. Naftel v. Commissioner, supra at 529; Jacklin v. Commissioner, supra at 344. Petitioners argue that: (1) The extension agreement terminated when respondent made the erroneous assessment and (2) the limitations period for their 1981 taxable year expired before the notice of deficiency was mailed on March 6, 1987. We disagree. Section 6501 prescribes the time period within which respondent can assess a tax. Ordinarily, "the amount of any tax imposed by [the Internal Revenue Code] shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *." Sec. 6501(a). This normal statute of limitations period may be extended by agreement, such as the Form 872-A extension agreement at issue here. Sec. 6501(c)(4). Without a timely assessment, the Commissioner is generally barred from collecting an Internal Revenue tax by either administrative or judicial means. Secs. 6501(a) and 6502(a). However, before an assessment can be made or collection *27 efforts commenced, the Commissioner must normally notify the taxpayer that he has determined that a deficiency exists. Sec. 6213(a). A notice of deficiency is generally a statutory prerequisite to the assessment and collection of a tax. Without such notice, the taxpayer may enjoin the assessment or commencement of collection activity. Sec. 6213(a). Considering this statutory and contractual backdrop, we must decide whether the reference in the Form 872-A to an "assessment" should be construed to mean an assessment that is proper, valid and legal or, alternatively, an assessment, without regard to its propriety, validity or legality. Petitioners contend that the assessment made by respondent, albeit erroneous and invalid, terminated their agreement extending the statute of limitations period. Petitioners conclude that the statutory notice was issued after the limitations period expired, thereby precluding respondent from reassessing and collecting the tax deficiency. See secs. 6501(a) and 6502(a). Conversely, respondent relies upon Roszkos v. Commissioner,850 F.2d 514 (9th Cir. 1988), revg. 87 T.C. 1255 (1986), and asserts that only a proper *28 and valid assessment could terminate the extension agreement. Since a statutorily required notice of deficiency was not mailed to petitioners before such an assessment, and since the assessment of November 10, 1986, is a nullity, respondent argues that the agreement is still in effect. See section 6213(a). We agree with respondent. [3]
We recently addressed a similar issue in Roszkos v. Commissioner, supra, where the parties executed a Form 872-A containing the same provisions. One method of terminating the extension agreement was for the Commissioner to mail a notice of deficiency for the periods covered by the agreement. The Commissioner mailed duplicate notices of deficiency to two former (but not last *29 known) addresses of the taxpayers. Both notices were returned to the Service undelivered, the taxpayers never having received them. Subsequently, the Internal Revenue Service assessed the entire deficiency. As in this case, the taxpayers in Roszkos first learned of the unsuccessfully mailed notices and the assessment when the Internal Revenue Service commenced collection activities. The taxpayers paid the assessed tax and interest and more than a year later petitioned this Court for a declaration that the assessment was invalid for insufficient notice pursuant to section 6212(b)(1). In response, the Commissioner filed a notice of no objection to the petition, and we, therefore, dismissed the case for lack of jurisdiction because the first notice was insufficient. Approximately a year after we dismissed the first Roszkos' petition, the Roszkos mailed a Form 872-T to the Internal Revenue Service, one of the methods to terminate the Form 872-A extension agreement. However, the Roszkos maintained that the time to assess the tax had already expired. In response to the Form 872-T, the Commissioner issued a new notice of deficiency covering tax years that were included in the original *30 notice and mailed it to the Roszkos' correct address. The Commissioner believed that since the original notice of deficiency was invalid, the Form 872-A remained effective and continued to stay the statute of limitations period. In response to the new notice of deficiency, the Roszkos petitioned this Court to dismiss their case for lack of jurisdiction, this time on the ground that the statute of limitations had expired prior to the issuance of the notice. We held that although the first notice of deficiency was invalid under section 6212, it nevertheless operated to terminate the Form 872-A extension agreement. Roszkos v. Commissioner, 87 T.C. at 1260-1261. We reasoned that there was no statutory or contractual requirement that the notice of deficiency for Form 872-A purposes satisfy the requirements of section 6212. The Commissioner appealed our decision to the Court of Appeals for the Ninth Circuit. That court reversed our decision and held that a notice of deficiency which does not satisfy the minimum statutory requirement for notice cannot reasonably be considered a notice of deficiency for Form 872-A purposes. The present case is also appealable to the *31 Court of Appeals for the Ninth Circuit. Because that Court in Roszkos v. Commissioner, supra, has passed upon an analogous issue to the one presented here, we decide the issue in the instant case in a manner consistent with the opinion of the Court of Appeals for the Ninth Circuit. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). We, therefore, follow the Court of Appeals for the Ninth Circuit in holding that a Form 872-A extension agreement is not terminated by an invalid, illegal or improper assessment. A legally defective assessment which is a nullity for collection purposes is a nullity for purposes of the termination of a Form 872-A extension agreement. Accordingly, Petitioners' motion for summary judgment will be denied.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
2. The relevant language of the Form 872-A is as follows: (1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1981 may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. (2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration.↩ * * * (Emphasis added.)
3. Respondent also argues that petitioners are not entitled to summary judgment since they failed to present any evidence that the erroneous assessment reflected "the final determination of tax and the final administrative appeals consideration," as prescribed by the Form 872-A. Due to our denial of petitioners' motion on grounds that an improper assessment does not terminate the Form 872-A extension agreement, we need not address respondent's alternative argument.↩