HARRY HOLOF AND NORMA HOLOF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holof v. Commissioner
Docket No. 33874-84.
United States Tax Court
T.C. Memo 1987-540; 1987 Tax Ct. Memo LEXIS 532; 54 T.C.M. (CCH) 959; T.C.M. (RIA) 87540; October 22, 1987; Reversed April 12, 1989 John J. O'Toole, G. Michael Saran, and Edwin Fradkin, for the petitioners. William S. Garofalo, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Taxable Year Ended
Amount
December 31, 1976
$ 27,710
December 31, 1977
1,272
The sole issue before us is whether the issuance of the notice of deficiency is barred by the statute of limitations, section 6501(a) and (c)(4) [1]
*533 This case was submitted fully stipulated under Rule 122. Petitioners had their legal residence in Little Ferry, New Jersey at the time they filed their petition herein. They timely filed Federal income tax returns for the taxable years at issue at the Brookhaven Service Center, Holtsville, New York. On February 22, 1980, petitioners and respondent executed Form 872-A for the taxable year 1976 which provided in pertinent part as follows: (1) The amount(s) of any Federal income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1976 may be assessed on or before the 90th (ninetieth) day after:; (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). However, if a notice of tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. A final adverse determination *534 subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. On February 17, 1981, petitioners and respondent executed Form 872-AR for the taxable year 1977. The pertinent language of Form 872-AR was identical to that quoted above from Form 872-A except that the date of December 31, 1977 was substituted for December 31, 1976. On October 8, 1982, respondent mailed petitioners a notice of deficiency for the taxable years 1976 and 1977. The notice was not mailed to petitioners' last known address. On January 5, 1984, respondent forwarded to petitioners a copy of the notice of deficiency. This was the first occasion on which petitioners were ware of its existence. On January 30, 1984, petitioners filed a petition in this Court (docket No. 2483-84). In that petition, petitioners asserted that the aforesaid notice of deficiency was invalid because it had not been mailed to petitioners' last known address. On July 19, 1984, the parties herein filed a joint motion to dismiss the case which was granted on September 14, 1984 "upon the ground that the statutory notice of deficiency dated October 8, 1982 for petitioners' *535 1976 and 1977 tax years was not sent to petitioners' last known address and is therefore invalid." On June 28, 1984, respondent mailed a second notice of deficiency to petitioners. This notice of deficiency was identical to the notice of deficiency dated October 8, 1982 except for the date and the address of petitioners. Petitioners filed their petition herein on September 25, 1984. On February 13, 1985, petitioners filed a motion for judgment on the pleadings on the ground that the issuance of the June 28, 1984 notice of deficiency was barred by section 6501. On March 19, 1986, Special Trial Judge Lee Galloway denied petitioners' motion on the ground, as set forth in his memorandum sur order, that the October 8, 1982 notice of deficiency was a nullity because it was not sent to petitioners' last known address with the result that the Forms 872-A and 872-AR remained in full force and effect and the issuance of the June 28, 1984 notice of deficiency was therefore timely. Petitioners' position is that whatever the effect of the October 8, 1982 notice of deficiency for other purposes, it was valid for the purpose of terminating the consents to extend the statute of limitations *536 in accordance with the provisions of the Forms 872-A and 872-AR and that, consequently, the June 28, 1984 notice was not timely under section 6501(a) and (c)(4). Respondent reiterates the position which he took before Special Trial Judge Galloway that the October 8, 1982 notice of deficiency was a nullity for all purposes. Neither the parties, at the time briefs were filed herein, nor Special Trial Judge Galloway, at the time he issued the memorandum sur order, had the benefit of our Court-reviewed decision in Roszkos v. Commission,87 T.C. 1255 (1986). In that case, we held that, under circumstances such as exist herein, a notice of deficiency not sent to the taxpayer's last known address was sufficient to terminate a consent to extend the period of limitations as set forth in Form 872-A and to trigger the running of that period in accordance with the terms of that Form. Petitioners first became aware of and received the October 8, 1982 notice of deficiency on or about January 5, 1984 and respondent's second notice of deficiency was not mailed until June 18, 1984, more than 90 days thereafter and more than 90 days after the petition was filed in respect of *537 the first notice of deficiency. This case is clearly controlled by Roszkos v. Commissioner, supra.[2] Accordingly, we hold that the June 28, 1984 notice of deficiency was untimely. Decision will be entered for petitioners.
Footnotes
1. All section references are to the Internal Revenue Code and all rule references are to the Tax Court Rules of Practice and Procedure. Section 6501 provies in pertinent part: (a) GENERAL RULE. -- Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * * (c) EXCEPTIONS. -- * * * (4) EXTENSION BY AGREEMENT. -- Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. ↩
2. See also Knapp v. Commissioner,T.C. Memo. 1987-178↩.