**Louis E. ROSZKOS; and Vivian L. Roszkos, Petitioners–Appellees**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.**

No. 87–7316.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1988.

Decided June 20, 1988.

Michael L. Paup, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellant.

Woodford G. Rowland, San Rafael, Cal., for petitioners-appellees.

Before POOLE, WIGGINS and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

## BACKGROUND

Louis and Vivian Roszkos ("the Roszkos") filed joint federal tax returns for the years 1973 through 1976, reflecting losses incurred and investment credits for various partnerships in which they participated. The Internal Revenue Service ("IRS") initiated an investigation of those returns. In connection with that investigation, the Roszkos executed periodic Forms 872, consenting to a limited extension of the ordinary three-year statute of limitations for assessment of tax deficiencies. *See* IRC § 6501(a). Eventually, in late 1981, the Roszkos executed Forms 872–A for tax years 1973 and 1974, consenting to an unlimited extension of the statute of limitations. The unlimited waiver in Form 872–A can be terminated by either the IRS or the taxpayer. The taxpayer can only terminate the waiver by mailing a Form 872–T to the IRS office "considering the case," and termination is not effective until the IRS has received the Form 872–T. The IRS can terminate the waiver by mailing either a Form 872–T or a notice of deficiency to the taxpayer, and termination is effective upon mailing. Upon termination, the IRS has ninety days within which to assess a tax deficiency, if any.

On December 31, 1981, the IRS issued, by certified mail to two former (but not last known) addresses of the Roszkos, duplicate notices of deficiency for tax years 1973 through 1976. It is clear that the IRS had been notified of the Roszkos' then current address when the 1981 notices of deficiency were sent to the Roszkos' former addresses. The alleged deficiency totaled approximately $75,000, primarily relating to tax years 1973 and 1974. Both notices were returned to the IRS undelivered, the Roszkos never having received them. Thereafter, on May 24, 1982, the IRS assessed the entire deficiency, with interest.

Through subsequent IRS collection activity, the Roszkos first learned of the unsuccessfully mailed notices. They paid the assessed tax and interest in late 1982 and early 1983. More than a year later, on June 11, 1984, the Roszkos petitioned the Tax Court to declare the assessment invalid for insufficient notice pursuant to IRC § 6212(b)(1), and to dismiss their case for lack of jurisdiction. The Commissioner of Internal Revenue ("Commissioner") filed a notice of no objection to the Roszkos' petition; and on November 9, 1984, the Tax Court dismissed the case for lack of jurisdiction, having found insufficient notice to support the assessment.

On September 16, 1985, more than ten months after the dismissal, the Roszkos mailed a Form 872–T to the IRS. The Roszkos assert that they mailed this Form 872–T in order to prompt the IRS to refund the taxes they had paid relative to the now invalid assessment for tax years 1973 and 1974. They included on the Form the following additional language:

> This Notice of Termination is filed without a waiver of the taxpayers' position that the time to assess tax for the years in question has expired, based on the Services' mailing of a notice of deficiency on December 31, 1981.

The Roszkos maintain that this language was included to emphasize that they considered their Form 872–A waiver of the statute of limitations to have been terminated more than three years earlier. In response, the IRS issued, on October 28, 1985, by certified mail to the Roszkos' current address, a new notice of deficiency for tax years 1973 and 1974. The new notice of deficiency covered tax years 1973 and 1974 because the IRS believed the Forms

872–A, which the Roszkos had executed for those years, remained effective to waive the statute of limitations. The new notice did not cover tax years 1975 and 1976 because the Roszkos had never executed Forms 872–A for those years, and the Commissioner concedes that the statute of limitations had expired for tax years 1975 and 1976. On November 25, 1985, the IRS refunded to the Roszkos all payments they had made relating to the invalid 1982 assessment.

The Roszkos reacted to the new notice of deficiency by once again petitioning the Tax Court, on December 23, 1985, to dismiss their case for lack of jurisdiction, this time on the ground that the statute of limitations had expired prior to the issuance of the new notice. One week later, the Roszkos paid the IRS the amount of the alleged deficiency.

On December 4, 1986, the Tax Court held that the statute of limitations had expired prior to the issuance of the new notice.[1] The Court reasoned that the IRS had terminated the Form 872–A waivers of the statute of limitations by mailing the first notices of deficiency, albeit unsuccessfully, almost five years earlier. As a result, the Court dismissed the case for lack of jurisdiction.[2]

▬▬ The Commissioner appeals the Tax Court decision. We review decisions of the Tax Court on the same basis as District Court decisions in civil bench trials. *Mayors v. C.I.R.,* 785 F.2d 757, 759 (9th Cir.1986). The issue on appeal is whether the mailing of a concededly invalid notice of deficiency terminates a Form 872–A waiver of the statute of limitations for assessment of tax deficiencies. Interpretation of these waiver agreements is subject to the rules governing interpretation of

contracts, *see Pursell v. Commissioner,* 38 T.C. 263, 278 (1962), *aff'd per curiam,* 315 F.2d 629 (3d Cir.1963); and when, as in this case, the lower court based its decision on the language of the agreement and principles of contract interpretation, the decision is one of law which we review de novo. *See Miller v. Safeco Title Insurance Co.,* 758 F.2d 364, 367 (9th Cir.1985).

## DISCUSSION

The critical language of the Form 872–A waiver agreement is as follows:

> *The amount of any federal income tax due on any return(s) made by or for the above taxpayer(s) for the period ended December 31, 19[xx], may be assessed on or before the 90th (ninetieth) day after:* (a) the Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s), or (b) *the Internal Revenue Service mails a Notice of Deficiency for such period(s).* However, if a Notice of Deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the Notice of Deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(Emphasis added). The Commissioner argues that mailing a notice of deficiency which does not satisfy the statutory requirements for notice set forth in IRC § 6212 was not an act which the parties contemplated would terminate the above agreement.

In rejecting the Commissioner's position, the Tax Court looked to the literal terms of the agreement, resolving doubtful terms

---

1. Judge Gerber's Tax Court opinion, *Roszkos v. C.I.R.,* 87 T.C. 1255 (1986), was joined by twelve other judges. Judge Cohen concurred in the result only, Judge Parker joined Judge Simpson's dissent, and Judges Koerner and Swift did not participate.

2. The Tax Court's order dismissing the case for lack of jurisdiction was vacated and replaced on February 12, 1987 by an order of summary judgment (*i.e.,* that there was no deficiency).

The latter order was entered in response to the Commissioner's motion to have the Court comply with IRS § 7459(e). The February 12 order was itself vacated and replaced on April 15, 1987 by an order of summary judgment directing the parties to compute the amount of the Roszkos' overpayment. On June 11, 1987, the Tax Court entered its final decision regarding the overpayment, from which the Commissioner appeals.

against the drafting party, namely the IRS. The Tax Court also looked to case law governing notices of deficiency in general. Its holding rests on two central conclusions. First, in drafting Form 872–A, the Commissioner has enabled the IRS to terminate the agreement by the simple act of mailing, thereby rendering irrelevant the accuracy of the address. *See Roszkos,* 87 T.C. at 1260–61. Second, although a misaddressed notice is a "nullity" for assessment purposes, it is still a notice of deficiency for purposes of the waiver. *See id.* at 1263. Although we agree with the method of the Tax Court's analysis, we are compelled to reject its conclusions.

■ To focus on the distinction between a "mailing" standard and a "receipt" standard is to ignore the basic function of the notice of deficiency. As provided in IRC § 6212, the notice of deficiency has a distinct and unambiguous purpose. Its very name denotes that it was intended to serve as a vehicle of notification. Indeed, it follows that a notice of deficiency which does not satisfy the minimum statutory requirement for notice cannot reasonably be considered a notice of deficiency.

In *Clodfelter v. C.I.R.,* 527 F.2d 754 (9th Cir.1975), *cert. denied,* 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976), we discussed the interplay between the mailing standard and the function of the notice of deficiency. We stated "that the legislative plan contemplates that actual notice of the deficiency should be given where such can reasonably be achieved and that the mailing authorized by § 6212(a) is a means to that end." Thus, even though § 6212(b)(1) provides for a mailing standard, which removes a great burden from the IRS, that standard has builtin features which give the notice great potential to reach the taxpayer—certified or registered mail, and last known address.

Apparently recognizing that the mailing standard for a notice of deficiency is founded in the principle of actual notice, the Tax Court stated: "[W]e believe that an improperly addressed notice of deficiency or Form 872–T which does not have the potential to advise a taxpayer of the intended

termination by [the IRS], would not suffice to terminate the parties' agreement." *Roszkos,* 87 T.C. 1255, 1261 (1986). However, in the face of this accurate analysis of the law, the Tax Court proceeded to misapply its own principle. It concluded that the ill-fated notices of deficiency in this case became cloaked with the necessary "potential to advise" when, at some unspecified time after the mailing, the Roszkos became aware of the mailing. This conclusion, the court believed, was "conceptually analogous to the case law governing notices of deficiency...." *Id.* at 1261–62.

Whatever tenuous analogy can be drawn between the Tax Court's position and case law governing notices of deficiency is wholly contrary to the clear precedent of this court. In *Mulvania v. C.I.R.,* 769 F.2d 1376 (9th Cir.1985), we confronted the question of whether the notice requirement of § 6212 was satisfied when a taxpayer learned of, but did not receive, the misaddressed notice of deficiency. We held that a misaddressed notice of deficiency, which is returned to the IRS undelivered, is "null and void." The only exception to this scenario that we noted is if the taxpayer acknowledges notice by timely petitioning the Tax Court for a redetermination of deficiency, thereby rendering harmless the IRS' error in mailing. *Id.* at 1379–81.

■ In the present case, the purported notices of deficiency were misaddressed and returned to the IRS undelivered. The Roszkos did not render harmless the IRS' error because they did not *timely* petition the Tax Court for a determination of deficiency. In fact, there is nothing in the record to indicate that the Roszkos discovered, within ninety days, *see* IRC § 6213, that notices of deficiency had been mailed to their former addresses. As a result, the notices which were mailed on December 31, 1981, were null and void. "Regardless of the coincidence by which [the taxpayer] later came to know of its existence, the taxpayer's actual knowledge did not transform the void notice into a valid one." *Mulvania,* 769 F.2d at 1380–81.

We see no reason to conclude that the Form 872–A reference to mailing a notice

of deficiency was intended to include a misaddressed, undelivered, and unacknowledged letter which would not qualify as a notice of deficiency in any other context. Rather, interpreting the reference to include only valid notices gives meaning to the entire excerpt of the waiver form which we have set out above. That excerpt is devoted to the topic of when the IRS may assess a tax deficiency for the period covered by the waiver. In most cases a deficiency shall not be assessed until after a notice in compliance with § 6212 is mailed, *see* IRC § 6213(a).

The Tax Court rationalizes its decision to give effect to a statutorily invalid notice of deficiency by comparing the notice to a Form 872–T. The Court notes that the waiver agreement enables the IRS to terminate the waiver simply by mailing either a notice of deficiency or a Form 872–T. The Court reasons that because there is no statutory requirement that a Form 872–T be properly addressed, the statutory requirements for the notice of deficiency should be disregarded for purposes of the waiver agreement. *See Roszkos*, 87 T.C. at 1261.

■■■ Although we express no opinion relative to Form 872–T, we reject the Tax Court's rationale. Form 872–T exists for a fundamentally different purpose than the notice of deficiency. The former was created for the narrow purpose of terminating the Form 872–A waiver agreement, and may be sent by either party. The latter, which may also be used by the IRS as a vehicle of termination, was designed for the broader purpose of notifying the taxpayer of a tax deficiency so that the taxpayer may have an opportunity to litigate the merits of the deficiency before it is assessed. That Form 872–A subjects both of these documents to a mailing standard sheds no light on the analysis. As discussed earlier, however, we find the statutory requirements surrounding the notice of deficiency to be quite illuminating, and we choose not to disregard them.

We therefore hold that a notice of deficiency must comply with § 6212 in order to terminate a Form 872–A waiver. The Roszkos' contention that such a holding will deny them due process of law is both unfathomable and without merit. Because the notices mailed on December 31, 1981 did not comply with § 6212, the May 24, 1982 assessment was invalid, the Form 872–A waiver did not terminate, and the statute of limitations for assessing a deficiency for the Roszkos' 1973 and 1974 tax years did not expire.

Accordingly, the Tax Court order entered June 11, 1987 is vacated, and the case is remanded to the Tax Court for further proceedings not inconsistent with this opinion.