### V.

Jane S. Kimball (argued), Richard Farber, and Gary R. Allen, Chief, Appellate Section U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellant.

Andrew P. Fradkin (argued), Edwin Fradkin, Starr, Weinberg & Fradkin, Roseland, N.J., for appellees.

Before BECKER, HUTCHINSON and SCIRICA, Circuit Judges.

**Harry HOLOF and Norma Holof**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 88–1185.

United States Court of Appeals, Third Circuit.

Argued Sept. 7, 1988.

Decided April 12, 1989.

### OPINION OF THE COURT

SCIRICA, Circuit Judge.

In this appeal we must decide whether a defective notice of tax deficiency mailed by the Internal Revenue Service terminates taxpayers' Form 872–A consent to waive the statute of limitations on assessment of tax deficiencies. The Commissioner ap-

peals from the Tax Court's decision upholding the termination of the limitations waiver and barring the IRS from assessing the additional taxes owed.

We hold that: (1) Form 872–A must be read in conjunction with the statutory provisions on tax assessment; (2) Form 872–A contemplates termination only by an effective notice of deficiency; and (3) the defective notice of deficiency sent to the Holofs was not cured by its eventual receipt. We will reverse the decision of the Tax Court.

## I.

Taxpayers Harry and Norma Holof filed timely joint federal income tax returns for 1976 and 1977, claiming loss deductions in their partnership interests in two separate tax shelters for each year. The IRS initiated an audit of those returns. Ordinarily, the statute of limitations for assessment of tax deficiencies is three years. I.R.C. § 6501(a) (West Supp.1988). In connection with the audit, however, the Holofs executed a Special Consent to Extend the Time for Assessment of Tax (Form 872–A) for 1976 and a similar Form 872–AR for 1977,[1] thus extending the limitations period indefinitely.[2]

Form 872–A, commonly known as an "open-ended" waiver because it does not expire at a fixed date, specifies the means by which either the taxpayer or the IRS can terminate the limitations waiver. The IRS can terminate it by mailing to the taxpayer either a Notice of Termination of Special Consent to Extend the Time to Assess Tax (Form 872–T) or a "notice of deficiency." In contrast, the taxpayer effectively terminates the waiver only when the IRS office "considering the case" receives a Form 872–T from the taxpayer. Form 872–A also provides that after termination

by either party, the IRS has ninety days within which to "assess[ ]" a tax deficiency.

On October 8, 1982, the IRS mailed a notice of deficiency for the taxable years 1976 and 1977, but failed to send it to the Holofs' "last known" address, as required by statute.[3] The Holofs never received the October 1982 notice of deficiency and consequently failed to file a timely petition for redetermination with the Tax Court, a right also secured by statute.[4] The IRS then assessed the tax, and in April 1983 sought to collect it. It was these collection attempts that alerted the Holofs that an assessment had been made. On January 5, 1984, they finally received from the IRS a copy of the October 1982 notice of deficiency. Following a series of petitions, the Tax Court granted the parties' joint motion to dismiss the assessment proceedings on the grounds that the October 1982 notice of deficiency was statutorily defective.

On June 28, 1984, the IRS mailed the Holofs a second notice of deficiency for the years 1976 and 1977, this time to their last known address. The Holofs timely filed with the Tax Court a petition asserting that assessment and collection of the deficiencies were now barred by the statute of limitations. The Holofs argued that mailing even an invalid notice of deficiency—in their case the October, 1982 notice—served to terminate the limitations waiver. The Commissioner responded that because the notice of deficiency was defective under the statutory scheme, it was null and void for all purposes.

The Tax Court held that the statute of limitations had expired before the IRS mailed the second notice of deficiency. *Holof v. Commissioner*, 54 T.C.M. (CCH) 959, 960, 1987 WL49152 (1987). In its decision, the Tax Court relied upon *Roszkos v. Com-*

---

**1.** As the pertinent language of the Holof's Form 872–AR is identical to that of Form 872–A, we refer to both as "Form 872–A."

**2.** The usual instrument for extending or suspending the statute of limitations is known as a "waiver."

**3.** The Internal Revenue Code provides, "notice of deficiency ... shall be sent by certified mail

or registered mail to [taxpayer] at his last known address." I.R.C. § 6212(b)(2) (West Supp.1988).

**4.** After receiving the notice of deficiency, the taxpayer has ninety days within which to petition the Tax Court to review the assessment. I.R.C. § 6213(a) (West Supp.1988).

*missioner*, 87 T.C. 1255 (1986), a case with facts similar to *Holof.*

Focusing on the literal provisions of Form 872–A, and interpreting "doubtful language" against the IRS as the drafting party, *Roszkos*, 87 T.C. at 1261, the Tax Court in *Roszkos* held that the IRS terminated the waiver by mailing the defective notice of deficiency. Because Form 872–A does not require that the taxpayer receive actual notice of termination, and, in contrast, makes termination by the taxpayer subject to the IRS's receipt of Form 872–T, the Tax Court determined that the Commissioner had drafted Form 872–A to render irrelevant the accuracy of the taxpayer's address. *Id.* at 1261. Thus, the Tax Court held that the simple act of mailing on the part of the IRS terminated the agreement.

Next, finding that actual receipt cured defects in a notice of deficiency, the Tax Court in *Roszkos* held that when the taxpayers became aware that the IRS intended to terminate the waiver agreement, the agreement in fact terminated. *Id.* at 1261–62. The court concluded that this result was "conceptually analogous to the case law governing the notices of deficiency." *Id.* at 1262.

Applying this reasoning to the Holofs' circumstances, the Tax Court held that "on or about" January 5, 1984—the time the Holofs "became aware" of the October 1982 notice of deficiency—the Form 872–A consent to extend the statute of limitations was terminated. *Holof*, 54 T.C.M. (CCH) at 960. Accordingly, the Tax Court held that the June 28, 1984 notice of deficiency was barred by the statute of limitations because it was not mailed within ninety days after the Holofs became aware of the IRS's intentions to terminate.

Subsequent to the Tax Court's decision in *Holof*, the United States Court of Appeals for the Ninth Circuit reversed the Tax Court's decision in *Roszkos*. *Roszkos v. Commissioner*, 850 F.2d 514 (9th Cir.1988). Although we approach the issue somewhat differently, we find persuasive the reasons the Ninth Circuit articulated for reversing the Tax Court.

## II.

■ We review decisions of the Tax Court in the same manner and to the same extent as decisions of the district court in civil actions tried without a jury. 26 U.S.C. § 7482(a) (1983). Although the Supreme Court has expressly held that a consent to extend the period for assessment of income tax is "not a contract ... [but is] essentially a unilateral waiver of a defense by the taxpayer," *see Stange v. United States*, 282 U.S. 270, 276, 51 S.Ct. 145, 147, 75 L.Ed. 335 (1931) (citing *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453, 466, 50 S.Ct. 215, 219, 74 L.Ed. 542 (1930)), some courts have analyzed taxpayer consents to waive the statute of limitations defense in contractual terms, *see, e.g., Roszkos*, 850 F.2d at 516; *Pursell v. Commissioner*, 38 T.C. 263, 278 *aff'd*, 315 F.2d 629 (3d Cir.1963) (per curiam). We could apply contract principles to this case and reach the same result, but the question before us does not necessarily implicate such principles. At issue here is whether to construe the terms of Form 872–A—a waiver of a statutory defense—in a manner consistent with the statutory framework in which it was designed to operate. This is a question of law, subject to plenary review. *See Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981) (review of choice, application and interpretation of legal precepts is plenary). *Cf. Caporella v. Commissioner*, 817 F.2d 706, 708 (11th Cir.1987) (Tax Court's interpretation of tax forms by comparison of two forms was issue of law subject to *de novo* review); *Kinsey v. Commissioner*, 859 F.2d 1361, 1362 (9th Cir.1988) (decision involving how and when Form 872–A waiver is terminated and the scope of waiver is subject to *de novo* review).

## III.

■ The critical language of a Form 872–A waiver agreement provides:

[T]axpayer(s) ... and the ... Director of Internal Revenue ... consent and agree as follows:

(1) The amount(s) of any Federal Income tax due on any return(s) made by

or for the above taxpayer(s) for the period(s) ended ... [on the relevant date], may be assessed on or before the 90th (ninetieth) day after: (a) The Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails a Form 872–T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days....

Focusing on the literal terms of Form 872–A, the Tax Court found that the act of mailing by the IRS even to an address other than the "last known" one—of either a notice of deficiency or a Form 872–T—would terminate the waiver agreement. The Holofs contend that the issue is not statutory construction but giving "plain meaning" to the written agreement of the parties. The IRS responds that interpreting Form 872–A's termination provisions requires an examination of the statutory framework in which Form 872–A was designed to operate. We agree with the Commissioner. Although Form 872–A appears to enumerate carefully defined procedures for tax assessment, it is not an integrated agreement that encapsulates all rights and obligations of the respective parties. The taxpayer's "plain meaning" argument fails because Form 872–A is an accessory intended to complement a complex statutory scheme.

Form 872–A has legal effect only because the Internal Revenue Code authorizes a waiver of the statute of limitations on assessment, which normally runs three years after the return was filed. I.R.C. §§ 6501(a) & 6501(c)(4). The only function of Form 872–A is to waive the statute of limitations. Its terms cannot abrogate any of the assessment procedures already in place in the Code. "The instruments are nothing more than ... waivers; and that was all to which the Commissioner was authorized to consent." *Florsheim Bros. Drygoods Co.*, 280 U.S. at 466, 50 S.Ct. at 219. Nonetheless, on its face, Form 872–A conflicts with the Code's assessment procedures and overlooks the central role that a notice of deficiency plays in those procedures.

The notice of deficiency is a pivotal feature of the Code's assessment procedures. Unless the IRS first issues the taxpayer an effective notice of deficiency, the Commissioner is precluded by statute from assessing or collecting any taxes.[5] Once the Commissioner issues a notice of deficiency, the taxpayer has ninety days from the mailing of the notice to file a petition with the Tax Court for a redetermination of the deficiency.[6] During this same ninety-day period, the Commissioner is prohibited from assessing or collecting the deficiency.[7] If the taxpayer files a petition with the Tax Court before the ninety-day period expires, the prohibition on assessment continues until the decision of the Tax Court becomes final.[8] This same notice of deficiency suspends the running of the statute of limitations during this period in which the Commissioner is precluded under § 6213 from making the assessment.[9] The

---

**5.** The Code provides, "no assessment of a deficiency ... shall be made ... until such notice [of deficiency] has been mailed to the taxpayer...." I.R.C. § 6213(a).

**6.** The Code provides, "Within 90 days ... after the notice of deficiency authorized by section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." I.R.C. § 6213(a).

**7.** The Code provides, "no assessment of a deficiency ... shall be made ... until the expiration of such 90–day period...." I.R.C. § 6213(a).

**8.** The Code provides, "no assessment of a deficiency ... shall be made ..., if a petition has been filed with the Tax Court, until the decision of the Tax court has become final." I.R.C. § 6213(a).

**9.** The Code provides, "The running of the period of limitations provided in section 6212 ... shall (after the mailing of a [deficiency] notice ...) be suspended for the period during which the Secretary is prohibited from making the assessment ... and for sixty days thereafter." I.R.C. § 6503(a)(1) (West Supp.1988).

statute remains suspended for the sixty days after the prohibition on assessment is lifted.[10]

We believe that the terms of Form 872–A conflict with this statutory scheme. Form 872–A provides that the income tax owed "may be assessed on or before the 90th (ninetieth) day after the mailing or receipt by the IRS of a Form 872–T." Thus, Form 872–A provides that the IRS may simply "assess" the deficiency immediately after the occurrence of one of the three enumerated events. This disregards the Code's requirement that before the IRS can "assess" a deficiency, it must first mail a notice of deficiency to the taxpayer. I.R.C. § 6213(a). Accordingly, if either party sends a Form 872–T to terminate the waiver agreement, the IRS would still be required to send a notice of deficiency before it could "assess" a tax deficiency,[11] and would have to do so within ninety days. In addition, Form 872–A mandates that the IRS "assess" within ninety days of mailing the deficiency notice. The Code in fact prohibits the IRS from assessing the deficiency within that ninety-day period after the deficiency notice is mailed, a period within which the taxpayer may petition the Tax Court for redetermination of the deficiency identified in the deficiency notice. I.R.C. § 6213(a). At the end of that ninety-day period in the case of a default, or after the determination of the tax court becomes final, the IRS then has sixty days actually to "assess" the tax. *Id.*

These discrepancies between Form 872–A and the Code do not permit the parties to ignore established Code procedures. *Cf. Florsheim Bros. Co.,* 280 U.S. at 466, 50 S.Ct. at 219 (where terms of

limitations waiver form conflict with Code procedures for assessment, the statutory scheme prevails). In this case, moreover, the Holofs' own explanations of their rights and obligations acknowledge that Form 872–A operates within the confines of the Codes' procedures. The Holofs agree that the IRS is precluded from assessing any taxes without first issuing the taxpayer a notice of deficiency, and that this notice also serves to prohibit assessment for ninety days. Brief for Appellees–Taxpayers at 7. Thus, the meaning of "notice of deficiency" cannot be discerned from the "plain meaning" of Form 872–A. To understand tax assessment procedures for Form 872–A, reference to the statute is required.[12]

We now examine the significance of a notice of deficiency in the operation of Form 872–A. Viewed within the statutory framework, it is clear that Form 872–A contemplates that only an effective notice of deficiency can terminate the waiver agreement. Given the functions of a notice of deficiency, to say even an effective notice of deficiency was designed to "terminate" the waiver agreement is misleading. Such a characterization suggests that in terminating the waiver agreement in this manner, the IRS has decided to recommence the statute of limitations. In reality, the mailing of an effective notice of deficiency continues to suspend the statute of limitations, while forcing the taxpayer to move forward to protect his rights by filing a petition with the Tax Court within ninety days from the date the notice is mailed. Therefore, when the IRS mails a notice of deficiency, the agency presumes the notice will keep the statute of limitations from

---

**10.** *Id.*

**11.** We later note that the IRS sends a Form 872–T only when it determines that the taxpayer owes no additional taxes. *Infra,* at 55. Thus, the Commissioner has also referred to the Form 872–A as an "agreement extending the time for issuing a notice of deficiency." Appellant's Brief at 25 n. 15.

**12.** We do not suggest that in all instances the language of Form 872–A conflicts with the Code. For example, the distinction between receipt and mailing, clear on the face of Form 872–A and not inconsistent with other statutory

provisions, has been given full effect. *See, e.g., Brown v. Commissioner,* 51 T.C.M. (CCH) 1171, 1178 (1986).

Furthermore, the Holofs have made no claim that they changed position in justifiable reliance on the language of Form 872–A. While we offer no opinion as to whether there are situations in which the Commissioner might be estopped by the language of his own forms, the Holofs' acknowledged understanding of the statutory scheme undermines such an argument in this case.

running for at least ninety days. In contrast, when the IRS wants to "terminate" not only the limitations waiver but its involvement in the entire matter, it sends a Form 872–T. Thus, the IRS sends a Form 872–T where the agency determines that the taxpayer who signed a limitations waiver owes no additional taxes. *See* The Internal Revenue Service Manual § 8233.(13) (June 6, 1982). We concur with the Ninth Circuit's determination that "Form 872–T exists for a fundamentally different purpose than the notice of deficiency.... [and] that Form 872–A subjects both to a mailing standard sheds no light on the analysis." *Roszkos*, 850 F.2d at 518.

Finally, to hold that an ineffective notice of deficiency could terminate the waiver would render unintelligible a crucial provision of Form 872–A. Form 872–A provides that "if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax ... will be further extended by the number of days the *assessment was previously prohibited*, plus 60 days" (emphasis added). It appears to us that this sentence refers: (1) to the prohibition on assessment during the ninety-day period after a notice of deficiency is issued, during which the taxpayer may petition the Tax Court for a redetermination of the assessment; and (2) where the taxpayer files a petition for redetermination, to the continued prohibition on assessment until the decision of the Tax Court becomes final. We arrive at this conclusion because the sixty-day extension of the statute of limitations mentioned in Form 872–A corresponds to the Code section providing, "The running of the period of limitations ... on the making of assessments ... shall (after the mailing of a notice [of deficiency] ...) be suspended for the period during which the Secretary is prohibited from making the assessment ... (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for sixty days thereafter." I.R.C. § 6503(a)(1).

However, a defective notice of deficiency, unless the defect is cured, does not trigger Tax Court jurisdiction. Thus, if the notice of deficiency is defective, the language in Form 872–A cannot refer to the prohibition on assessment during the period the Tax Court may consider, or is considering, the taxpayer's redetermination petition. Were we to apply this provision of Form 872–A to the Holof's situation, we would arrive at a "further extended" period of zero days—because there is no "previously prohibited period"—plus sixty days.[13] Neither party contends that sixty days is the appropriate period of extension following the mailing of a notice of deficiency. This provision in Form 872–A specifying the time period for the limitations extension demonstrates that Form 872–A contemplates only the mailing of an effective deficiency notice. In sum, not only is "notice of deficiency" a "term of art" that must be given its technical meaning, *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1003 (3d Cir.1980) ("legal terms of art ... should be interpreted in accord with their specialized ... usage"), but the entirety of Form 872–A is illogical unless the notice of deficiency has the effects described in the Code.

### IV.

■ We have stated that only an "effective" notice of deficiency will terminate a Form 872–A waiver agreement. A notice of deficiency, however, need not be mailed

---

13. The only alternative meaning of the reference to a "previously prohibited" period would be the prohibition on assessment, which is found in I.R.C. § 6213(a), after a Form 872–A is executed but before the issuance of an effective notice of deficiency. For the purposes of this appeal we need not decide to which prohibition the Tax Court believed this language refers. The improper mailing of a notice of deficiency, unless it falls within certain exceptions, has no effect on either prohibition. Because the notice is defective, the Commissioner remains prohibited from assessing a tax until an effective notice of deficiency is mailed. Consequently, there is no "previously prohibited" period.

In *Holof*, the Tax Court ignored the phrase in Form 872–A that refers to a "previously prohibited" period. Having held that the waiver agreement terminated when the Holofs "became aware" of the October 1982 notice of deficiency, the Tax Court calculated that the statute of limitations was extended for a period of 150 days after that termination, during which time the IRS could issue a valid notice of deficiency. 54 T.C.M. (CCH) at 960.

in strict compliance with § 6212(b) of the Code to be effective. Where the taxpayers receive timely, actual notice that a deficiency is to be assessed, a notice of deficiency that does not comply with § 6212 will nevertheless operate as if it were sent in compliance with that statutory provision. The Holofs argue that the Tax Court properly found that the waiver agreement terminated when the Holofs "became" aware in January, 1984 of the October 1982 notices of deficiency. Brief for Appellees at 30. *See Holof,* 54 T.C.M. (CCH) at 960; *see also Roszkos,* 87 T.C. at 1261–62. We believe, however, that precedent governing notices of deficiency—if at all necessary to our analysis—supports the position of the IRS.

The Ninth Circuit, in *Roszkos,* has summarized well this area of law. The court there held that the Tax Court decision giving effect to the misaddressed deficiency notice sent to the Roszkos was "wholly contrary to the clear precedent." *Roszkos,* 850 F.2d at 517. The court of appeals explained that "a misaddressed notice of deficiency, which is returned to the IRS undelivered, is 'null and void.' The only exception to this scenario . . . is if the taxpayer acknowledges notice by timely petitioning of the Tax Court for a redetermination of deficiency, thereby rendering harmless the IRS's error in mailing." *Id.* (quoting *Mulvania v. Commissioner,* 769 F.2d 1376, 1380 (9th Cir.1985)).

This rule comports with our own precedent. In *Delman v. Commissioner,* 384 F.2d 929 (3d Cir.1967), *cert. denied,* 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968), we held that a notice of deficiency need not be technically perfect to trigger the jurisdiction of the Tax Court. However, we distinguished the case where a taxpayer learned of a defective deficiency notice in time to file a timely petition with the Tax Court, which cures the defects in the notice, from the situation exemplified by the Holof case. *Id.* at 934. We explained that where "a notice of deficiency . . . [was] mailed to an incorrect address and not received by the taxpayer there would naturally be strong reason for determining that no notice was mailed." *Id.; accord Sicker v. Commissioner,* 815 F.2d

1400, 1401 (11th Cir.1987) (an improperly addressed notice of tax deficiency that did not reach taxpayer until at least eighty-three days later, was not received by taxpayer in time to file a petition for redetermination and was therefore not effective when mailed for purposes of determining commencement of ninety-day period for filing redetermination petition).

In this case, the Tax Court found that the Holofs became aware of the October 1982 deficiency notice sometime in January of 1984, well after the ninety-day period for filing a redetermination petition had passed. Because the notice of deficiency was not mailed to the taxpayer at his last known address, *see* I.R.C. § 6212(b), and no intervening event cured this defect, we treat the October 1982 notice of deficiency as never having been mailed. *See Delman,* 384 F.2d at 934.

V.

In conclusion, the notice of deficiency sent to the Holofs, incorrectly addressed and not actually received in time to petition the Tax Court, could not set into motion any of the statutory assessment procedures. Consequently, it had no effect upon the statute of limitations waiver. We will reverse the decision of the Tax Court.

Costs to be taxed against appellees.