# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1856
_____

In re: Jay Douglas Buchanan, also known as Jay Douglas Buchanan, also known as
Jay D. Buchanan; Lori Ann Buchanan, also known as Lori A. Buchanan, also
known as Lori Buchanan

*Debtor*s

------------------------------

Lund-Ross Constructors, Inc.

*Appellant*

v.

Jay Douglas Buchanan; Lori Ann Buchanan

*Appellee*s
_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit
_____

Submitted: December 15, 2021
Filed: April 22, 2022
_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Lund-Ross Constructors, Inc. appeals the bankruptcy court's grant of summary judgment to the defendants, Jay D. Buchanan and Lori A. Buchanan. We reverse.

**I.**

Jay D. Buchanan and Lori A. Buchanan, Nebraska residents, were the sole owners of Signature Electric, LLC, which later did business as D & J Electric. Lund-Ross Constructors, Inc. is a general contractor. Lund-Ross hired Signature to do electrical work on various projects. On each project, Signature contracted with suppliers. Signature submitted periodic pay applications to Lund-Ross requesting payment for work completed and supplies purchased. The Buchanans simultaneously submitted signed partial lien waivers, representing that Signature's suppliers and subcontractors had been paid.

In 2019, Signature went out of business and the Buchanans filed for Chapter 7 bankruptcy. When Signature went out of business, Signature's suppliers filed construction liens against the properties relating to the projects for amounts Signature owed them and brought lawsuits against the owners of the projects to foreclose upon their liens. Lund-Ross was required to defend the lawsuits and indemnify the project owners and alleges that these lawsuits resulted in damages of $600,043.64 to Lund-Ross due to misrepresentations Signature (by the Buchanans) made about whether its suppliers were being paid. Lund-Ross obtained a default judgment against Signature in Nebraska court for that amount. Lund-Ross also sued the Buchanans in Nebraska court, but that lawsuit was stayed due to the Buchanans' bankruptcy proceeding.

In the Buchanans' bankruptcy proceeding, the Buchanans listed Lund-Ross's debt against them as disputed and contingent on their schedule, meaning that Lund-Ross was required to file a proof of claim in the lead bankruptcy case to receive a

distribution. *See* Fed. R. Bankr. P. 3003(c)(2). When the Buchanans first filed for bankruptcy, Lund-Ross did not file a proof of claim because the Buchanans' estate had no assets.

In January 2020, Lund-Ross commenced an adversary proceeding objecting to the discharge in the Buchanans' bankruptcy of the debt that the Buchanans allegedly owe Lund-Ross. Lund-Ross invoked 11 U.S.C. § 523(a)(2)(A), which states that individual debtors are not discharged "from any debt for money . . . to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Lund-Ross alleged that the debt the Buchanans owe Lund-Ross was nondischargeable in the Buchanans' bankruptcy because, in the lien waivers, the Buchanans made false representations that Signature had paid its suppliers and subcontractors.

In February 2020, the Trustee filed its notice of intent to claim assets in the bankruptcy proceeding. The Trustee claimed $25,000 in assets. Because the Buchanans' estate now had assets, Lund-Ross filed a proof of claim in the bankruptcy proceeding. The total amount of claims from creditors against the Buchanans was $3,329,770.65. The Trustee objected to Lund-Ross's claim on the basis that the claim alleged a corporate debt of Signature, rather than a personal debt of the Buchanans. Lund-Ross did not file any resistance to the objection, and it did not appear at the hearing regarding the objection. The bankruptcy court granted the Trustee's objection.

Then, in the adversary proceeding, the Buchanans moved for summary judgment. The bankruptcy court granted the motion because it concluded that Lund-Ross did not have a valid claim for a debt owed by the Buchanans personally. The Bankruptcy Appellate Panel affirmed. *See Lund-Ross Constructors, Inc. v. Buchanan* (*In re Buchanan*), 626 B.R. 520, 522 (B.A.P. 8th Cir. 2021). Lund-Ross appeals.

## II.

We review a grant of summary judgment *de novo*. *Fritz v. Henningar*, 19 F.4th 1067, 1069 (8th Cir. 2021). The party moving for summary judgment has the initial burden to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

Lund-Ross brought a claim for nondischargeability under 11 U.S.C. § 523(a)(2)(A). Under § 523(a)(2)(A), "a discharge [in bankruptcy] does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud."

Section 523(a)(2)(A) applies only to a "debt," which is defined as "liability on a claim." 11 U.S.C. § 101(12). "[C]laim" is defined as a "right to payment." § 101(5)(A). Thus, a creditor must show that the debtor is liable on its claim before a court can determine if the debt is nondischargeable. *See* §§ 523(a), 101(12); *R & R Ready Mix, Inc. v. Freier* (*In re Freier*), 392 B.R. 779, 785-86 (Bankr. D. Minn. 2008) (analyzing first whether the court can pierce the corporate veil to hold the debtor personally liable for a corporate debt before analyzing nondischargeability), *rev'd on other grounds*, 402 B.R. 891 (B.A.P. 8th Cir. 2009), *rev'd*, 604 F.3d 583 (8th Cir. 2010). A creditor must establish liability based on the underlying substantive law, which is usually state law. *See Reuter v. Cutcliff* (*In re Reuter*), 686 F.3d 511, 515-16 (8th Cir. 2012) ("[C]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." (alteration in original) (quoting *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007))); *Grogan v. Garner*, 498 U.S. 279, 283 (1991).

"Creditors may create a presumption that their claims are valid by filing formal proofs of claim against the bankruptcy estate." *Reuter*, 686 F.3d at 516; Fed. R. Bankr. P. 3001(f). So here, Lund-Ross must show that it has a valid claim against the Buchanans under state law before the bankruptcy court can determine if its debt is nondischargeable. *See Reuter*, 686 F.3d at 515-16.

## A.

First, we address Lund-Ross's argument that it has a valid claim against the Buchanans personally. At the summary judgment stage, the Buchanans argued that Lund-Ross cannot pierce the corporate veil to hold the Buchanans personally liable for Signature's debt. The bankruptcy court and the Bankruptcy Appellate Panel agreed with the Buchanans that Lund-Ross had not proven that it has a valid claim as it did not establish the Buchanans' personal liability for Signature's debt.[1] Although Lund-Ross filed a proof of claim, the claim's presumption of validity was rebutted by the Trustee's showing that Lund-Ross's claim alleged a corporate debt, and Lund-Ross failed to respond to the trustee's objection and prove that it had a claim against the Buchanans personally. *See Reuter*, 686 F.3d at 516; *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (explaining the burden of proof for bankruptcy claims). So, we must determine whether there is a genuine dispute of material fact about the validity of Lund-Ross's claim under state law and thus whether the Buchanans are entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

The parties agree that the Nebraska law controls. *See Reuter*, 686 F.3d at 515-16. Under Nebraska law, "individual members and managers of a limited liability company are generally not liable for a debt, obligation, or liability of the company."

---

[1]The Bankruptcy Appellate Panel based its decision partly on its refusal to consider two cases raised for the first time on appeal by Lund-Ross. Its refusal to consider the cases was error because although a party generally cannot raise new issues on appeal, it can provide additional support for its arguments. *See Garrett v. Morris*, 815 F.2d 509, 512 n.3 (8th Cir. 1987).

*Thomas & Thomas Ct. Reps., L.L.C. v. Switzer*, 810 N.W.2d 677, 685 (Neb. 2012). But "where a tort action is brought against an officer or director, there is no need to pierce the corporate veil and liability will be imposed if the elements of the tort are satisfied." *Huffman v. Poore*, 569 N.W.2d 549, 557 (Neb. Ct. App. 1997); *Wolf v. Walt*, 530 N.W.2d 890, 893, 896-98 (Neb. 1995) (refusing to pierce the corporate veil and then analyzing whether the president and shareholder of a corporation was liable for "constructive fraud committed by the corporation").

To prevail at summary judgment, the Buchanans were required to show that there is no genuine dispute of material fact about whether Lund-Ross has a valid debt under Nebraska law against the Buchanans personally. *See Celotex*, 477 U.S. at 323. Establishing personal liability requires Lund-Ross either to pierce the corporate veil or to satisfy the elements of a Nebraska tort. *See Huffman*, 569 N.W.2d at 557. In the Buchanans' summary judgment brief, they argued only that Lund-Ross cannot pierce the corporate veil and did not address separately whether the Buchanans committed a Nebraska tort. Even if the Buchanans are right that there is no genuine dispute of material fact about whether Lund-Ross can pierce the corporate veil, that does not necessarily mean that Lund-Ross does not have a valid claim against the Buchanans personally; Lund-Ross would have a valid claim against the Buchanans personally if it could show that the elements of a Nebraska tort are satisfied. *See Huffman*, 569 N.W.2d at 557. Because the Buchanans do not argue that there is no genuine dispute of material fact about whether Lund-Ross can prove that the Buchanans committed a Nebraska tort, such as fraudulent misrepresentation, *see Zawaideh v. Neb. Dep't of Health & Hum. Servs. Regul. & Licensure*, 825 N.W.2d 204, 212 (Neb. 2013), the bankruptcy court improperly granted summary judgment on the ground that Lund-Ross does not have a valid claim against the Buchanans personally. Therefore, we should reverse the bankruptcy court's grant of summary judgment unless we choose to affirm on an alternative basis. *See Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 851 (8th Cir. 2014) (noting that we can affirm "the district court's judgment on any basis supported by the record").

B.

Next, we address the Buchanans' request that we affirm the bankruptcy court's decision on the alternative basis that claim preclusion applies to the bankruptcy court's disallowance of Lund-Ross's claim.[2] *See id.* To establish that claim preclusion applies, a party must show that "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.*, 533 F.3d 634, 639 (8th Cir. 2008).

We have previously declined to affirm on the alternative ground of claim preclusion when the issue was difficult and the lower court did not address it. *Bucklew v. Lombardi*, 783 F.3d 1120, 1122 n.1 (8th Cir. 2015) (en banc); *cf. Lafarge N. Am., Inc. v. Discovery Grp. L.L.C.*, 574 F.3d 973, 986 n.9 (8th Cir. 2009) ("Because we believe it would be beneficial for the district court to address these issues in the first instance, we decline to affirm on these alternative theories."); *Sieden v. Chipotle Mexican Grill, Inc.*, 846 F.3d 1013, 1016 (8th Cir. 2017) ("We *may* affirm a grant of summary judgment on any basis supported by the record." (emphasis added)). Likewise, here we decline to affirm on the alternative ground of claim preclusion.

First, the claim-preclusion issue is difficult. Claim preclusion does not clearly apply here because the Buchanans were not a party to the proof-of-claim proceeding; Lund-Ross brought its claim against the Buchanans' estate, not the Buchanans personally, and the Buchanans did not object to or participate in the proof-of-claim proceeding. *See* 11 U.S.C. § 541(a) ("The commencement of a case . . . creates an

_____

[2]The Buchanans do not argue that issue preclusion applies, and they did not meaningfully argue below that issue preclusion applies. And neither the bankruptcy court nor the Bankruptcy Appellate Panel discussed the applicability of issue preclusion. For that reason, summary judgment on the ground of issue preclusion would be inappropriate. *See* Fed. R. Civ. P. 56(f).

estate."); *Comm'r v. DeLeve*, 748 F.2d 465, 466 (8th Cir. 1984) ("[T]he IRS filed proof of claim against Sharpe's bankruptcy estate."). Nonetheless, claim preclusion might still apply, but determining whether it applies is a difficult question for two reasons. One reason is that it is unclear whether we can treat the Buchanans as a party to the prior proof-of-claim proceeding even though they did not appear. We have not addressed whether it is possible to treat a party as a party to a prior bankruptcy proceeding even if it did not actually appear. Other circuits have suggested that it is possible to do so, provided that the party was a "party in interest" and therefore had standing to object to the claim. *See* 11 U.S.C. § 502(a) ("A claim or interest . . . is deemed allowed[] unless a party in interest . . . objects."); *Grausz v. Englander*, 321 F.3d 467, 472-73 (4th Cir. 2003); *EDP Med. Comput. Sys., Inc. v. United States*, No. 03-CV-3619 (FB)(RLM), 2005 WL 3117433, at *6-7 (E.D.N.Y. Nov. 22, 2005), *aff'd* 480 F.3d 621 (2d Cir. 2007); *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 706-07 (8th Cir. 1979). The other reason it is difficult to determine whether claim preclusion applies is that it is unclear whether the Buchanans were a "party in interest" to the proof-of-claim proceeding because their estate was insolvent. *Kapp*, 611 F.2d at 706 (noting that the interest must be "a pecuniary interest in the estate to be distributed").

Second, claim preclusion was not previously addressed. The Buchanans failed to mention claim preclusion in their summary judgment motion; consequently, the bankruptcy court did not consider the issue. The Buchanans finally raised claim preclusion to the Bankruptcy Appellate Panel, but it did not address the issue. On appeal to us, the Buchanans do not explain why they could be a party to the prior proceeding. Furthermore, the Buchanans chose not to object to Lund-Ross's proof of claim, despite knowing that the nondischargeability action was pending. In these circumstances, we decline to affirm on the alternative ground of claim preclusion.

## III.

For the foregoing reasons, we reverse the bankruptcy court's grant of summary judgment to the Buchanans. We conclude only that summary judgment

was inappropriate on the ground that Lund-Ross has not shown that it has a claim against the Buchanans personally because it cannot pierce the corporate veil.  We remand for further proceedings not inconsistent with this opinion.

_____